## GERMAN INSURANCE CO. V. GIBSON.

Decided November 1, 1890.

1. *Insurance policy—Waiver of forfeiture.*

   Forfeitures are not favored in law; and any agreement, declaration or course of action on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by conformity on his part, will estop the company from insisting upon the forfeiture.

2. *Misrepresentation in application—Forfeiture waived by acceptance of proof of loss.*

   If an insurance company, after it learns through its adjuster that the party insured has made misrepresentations in his application, asks for and accepts proof of loss, it waives a forfeiture for such misrepresentations.

53 494
60 587

53 494
61 113
62 48

53 494
63 203

53 494
64 594
65 61

53 494
67 588

53 494
68 19

53 494
74 79
75 29
77 30

53 494
82 235
82 236

53 494
87 174
88 123

53 494
89 115

3. *Bringing suit—Stipulation for time to settle—Waiver.*

Where a fire insurance company refused to pay a loss, claiming a forfeiture of the policy for misrepresentations in the application, it waives a stipulation in the policy allowing it ninety days within which to pay the loss, as well as its right to further preliminary proof of such loss; and suit may at once be brought upon the policy.

4. *Retraction of waiver of forfeiture.*

A waiver of a forfeiture of a policy of insurance cannot be retracted by the insurance company after it has been acted upon by the assured.

APPEAL from *Nevada* Circuit Court.

C. E. MITCHEL, Judge.

*Sanders & Watkins* for appellant.

1. When a policy provides that the loss shall be payable ninety days after proof of loss, an action brought within that period is premature. . 2 Wood on Insurance, sec. 462. The burden is on plaintiff to show a waiver, and this the evidence fails to show.

2. The court instructed the jury that a denial of plaintiff's right to recover by reason of alleged breaches of warranty was a waiver of proofs of loss, and that the fact that defendant received proofs of loss and made objections to their form, etc., constitute a waiver of the breach of warranty. These conclusions are inconsistent with each other. One or the other of these instructions was abstract, for they both could not be supported by the evidence.

3. The third instruction assumes, as a matter of law, that the adjuster, by failing to claim a forfeiture for breach of warranty at the time he made the examination, etc., waived the breach. It assumes that he was authorized to waive forfeitures, and is not qualified by stating that a waiver must be made by one having authority. 65 Iowa, 454. Waiver is a question of intent, and must be made with actual knowledge of the facts and circumstances. This knowledge must be brought home to the principal. It must be shown

that the company had actual knowledge, or the waiver will not be presumed.   5 Mo. App., 73; 20 Mo. App., 246; 46 Wis., 671; 105 U. S., 355.

4.   The modifications of the sixth and eighth instructions asked by defendant were in direct conflict with the ninth instruction for defendant.

*Smoote, McRae & Arnold* for appellee.

1.   A refusal to pay before the expiration of the day limited for payment is a waiver of the time.   Wood on Fire Ins., note 1, p. 757; 34 Conn., 561; 31 S. W. Rep., 291; 26 S. W. Rep., 222.   So where the company receives proofs of loss and objects merely to their form, this is a waiver of a breach of warranty.   31 S. W. Rep., 291; 11 S. W. Rep., 1016.

2.   The knowledge of its adjuster was the knowledge of the principal.   11 S. W. Rep., 1016; *Sprott v. Ins. Co.*, *ante*, p. 215; 9 N. E. Rep., 276.

3.   Appellant is estopped by its acts (through its agent) from insisting on the breaches.   11 S. W., 1016; *Sprott v. Ins. Co.*, *ante*, p. 215.

4.   Upon the legal propositions as to over-value, waiver of proof of loss, and the correctness of the instructions, see 95 U. S., 673; 111 U. S., 335; 9 How., 391; Am. Dig., 1889, pp. 684-5.

BATTLE, J.   Gibson sued the German Insurance Company on a policy of fire insurance, alleging that the dwelling house thereby insured had been destroyed by fire.   One of the defenses to this action was, that the policy had been issued on the faith of representations made by Gibson, the owner of the dwelling insured, and that these representations were declared in the policy to be warranties, and were false. Another defense was, that the action was prematurely brought.

Among the questions propounded to Gibson and answered in his application for insurance, was the following: "What is the size, area and condition of the dwelling house to be insured?" The answer as written in the application was: "It is constructed of frame, it is 50 by 60 feet, one story high, with wing 20 by 30 feet, one story high; it was built in 1863, and is in good condition." Another question was: "Do the stove pipes throughout the whole building enter into good brick or stone chimneys?" The answer appended was: "One pipe through secured with tin." In this application Gibson warranted these answers to be true, and they, with his warranty of their truth, were made a part of the policy sued on, and a condition on which it was issued. The defendant alleged that these answers were false in this: The size of the dwelling house "was 20 by 52 feet, with wing 12 by 52 feet," and was built many years previous to 1863, and there were two stove pipes in the building.

The policy contained the following stipulations: "The amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid ninety days after notice and satisfactory proofs of the same shall have been made by the assured, and received at the company's home office at Freeport, Illinois, in accordance with the terms and provisions of this policy hereinafter named." The loss occurred on the 20th of January, 1888, and Gibson sued on the policy on the 8th of March following, and before the expiration of the ninety days.

The defendant contended that plaintiff forfeited his policy because the answers to the questions propounded to him were false; and that his action was prematurely brought, because, "by the terms of the policy, the defendant was to have ninety days in which to determine, adjust and settle any loss that might accrue under the policy, and no cause of action accrued until the ninety days expired." On the other hand, plaintiff insisted that the defendant had waived

the forfeiture by allowing successive proofs of loss to be made, without objection except for form, and, subsequently, waived all claims to the ninety days by denying that it was liable on the policy. There was some evidence adduced in the trial of the action that sustained this contention of plaintiff. It was to this effect: Soon after the dwelling house was destroyed, plaintiff notified the defendant company of the loss, and requested it to indicate at what time its adjuster might be expected, and in a short time thereafter sent to the company proofs of loss. In a few days Mr. Miles was sent to adjust the loss. He visited the plaintiff, and they examined the ground where the house stood and was burned. Miles said nothing about a breach of warranty at this time, but offered to settle the loss by paying $600, which plaintiff declined, and Miles departed. In the meantime other proofs were sent, and the company acknowledged the receipt of them and suggested amendments. Plaintiff made amendments. After this Miles went again to adjust the loss for the company, saw plaintiff and told him that the company was not liable to him in any amount, because he had made false representations in his application, explaining that the representations alluded to were those made in respect to the dimensions of the dwelling and to the stove pipes, and said that the company would pay him $1,000.00, and that if he did not accept that he would never get anything. Plaintiff declined to receive it in satisfaction of the amount claimed by him on his policy, and Miles withdrew all propositions. Several days after this plaintiff demanded an arbitration to determine the amount of his loss. This demand was made under a clause of the policy which provided that, in case of difference touching the amount of loss or damage, the matter should be submitted, at the request of either party, to impartial appraisers, one to be selected by each party, and the third by the appraisers so selected if they failed to agree. Miles, for the company, at first agreed and went to Hope,

Arkansas, to meet plaintiff, ostensibly for the purpose of carrying the agreement into effect. Plaintiff selected his appraiser, and they went to the hotel where Miles had stopped, and found that he had gone, and this was the end of negotiations.

In support of plaintiff's contention, the court, over the objection of the defendant, in effect instructed the jury that, if plaintiff made false representations and warranties in his application as to the size, age and condition of his dwelling house, or the number of stove pipes therein, and the company was informed of that fact by an examination made by its adjuster, Miles, soon after the loss, and did not then claim a forfeiture for that reason, but allowed successive proofs of loss to be made, and objected to the same, one after another, on grounds of form, such action of the company was a waiver of forfeiture for such false warranties; and that if the defendant, being fully advised as to the facts and circumstances surrounding the loss insured against, denied all liability on the policy sued on, then the plaintiff had the right to sue at once; and that a denial by the defendant of the right of plaintiff to recover on account of breaches of warranty was a waiver of the proof of loss. The question is, did the court err in so instructing the jury?

An insurance company can take advantage of the breach of any condition contained in its policies and claim a forfeiture, or waive the forfeiture; "and it may do this by express language to that effect, or by acts from which an intention to waive may be inferred, or from which a waiver follows as a legal result." This is an unquestioned right, and the exercise of it is always encouraged by the courts. *1. Waiver of forfeiture in insurance policy.*

In *Insurance Co. v. Eggleston*, 96 U. S., 577, Mr. Justice Bradley, in delivering the opinion of the court, said: "We have recently, in the case of *Insurance Co. v. Norton*, shown that forfeitures are not favored in the law; and that courts are always prompt to seize hold of any circumstances

that indicate an election to waive a forfeiture, or an agreement to do so on which the party has relied and acted. Any agreement, declaration, or course of action, on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing the forfeiture.'' *Insurance Co. v. Norton*, 96 U. S., 234, 241; *Phœnix Insurance Co. v. Doster*, 106 U. S.. 30, 34; *Lyon v. Travelers' Insurance Co.*, 55 Mich., 141, 146; *Westchester Fire Insurance Co. v. Earle*, 33 Mich., 143, 151.

2, Waiver of forfeiture by acceptance of proof of loss.    In this case an adjuster was sent to the place where the dwelling was burned to adjust the loss of plaintiff. He was thereby vested with authority to ascertain the nature, cause and extent of the loss, and to agree with Gibson as to the amount that should be paid as an indemnity for the same. *Ætna Insurance Co. v. Shryer*, 85 Ind., 362. He and plaintiff visited the place where the house had stood. On the second visit he accused plaintiff of making false representations. He evidently had acquired this information on the first visit, as it was his duty to do. On his first visit nothing was said about the breach of warranty, but an effort was made to adjust the loss. Plaintiff was encouraged to make and did make successive proofs. Under this state of facts the company was bound by the knowledge of the agent, and the jury were justified in believing that the defendant company, with a full knowledge of all the acts constituting the forfeiture claimed in the trial, put the plaintiff to the inconvenience, trouble and expense of perfecting his proof of loss. If the defense of forfeiture was good, all this trouble and expense were wholly unnecessary. A reliance on the alleged forfeiture was entirely inconsistent with such a course

·of conduct. By that conduct the company waived the forfeiture, and estopped itself from setting it up as a defense. *Marthinson v. North British Mercantile Ins. Co.*, 31 N. W., Rep., 291; *German Fire Ins. Co. v. Grunert*, 112 Ill., 68; *Penn. Fire Ins. Co. v. Kittle*, 39 Mich., 51, 54; *Westchester Fire Ins. Co. v. Earle*, 33 Mich., 143, 151; *Lyon v. Travelers' Ins. Co.*, 55 Mich., 141; *Carpenter v. Continental Ins. Co.*, 28 N. W. Rep., 749, 752; *Prentice v. Knickerbocker Life Ins. Co.*, 77 N. Y., 484; *Brink v. Hanover Fire Ins. Co.*, 80 N. Y., 108; *Titus v. Glens Falls Ins. Co.*, 81 N. Y., 410, 419; *Webster v. Phœnix Ins. Co.*, 36 Wis., 67, 72; *Gans v. St. Paul Fire Ins. Co.*, 43 Wis., 108, 114; *Ins. Co. v. Wolff*, 95 U. S., 326.

According to the rule announced, the denial of all liability on its policy by the insurance company was a waiver of the ninety days in which it had to pay the loss. It would be ·unreasonable to say that it still retained the right to have the ninety days in which to pay a loss that it never intended to pay. The object of the agreement that the company should have the ninety days was to give it time to pay after the loss was adjusted. Why should it have the time when it did not intend to pay? The denial of liability was inconsistent with such a claim and was a waiver of it. *The Norwich & N. Y. Transp. Co. v. Western Mass. Ins. Co.*, 34 Conn., 561, 570.

3. Waiver of period for settlement.

For the same reason, the denial by the insurance company of all liability to Gibson was a waiver of any further proofs of loss. Under such circumstances, the presentation of proof was of no consequence and practically superfluous. The denial made the production of it unnecessary, and was virtually a notice to Gibson that there was no necessity for presenting it. *Tayloe v. Merchants Fire Ins. Co.*, 9 How., 390, 403; *Norwich & N. Y. Transportation Co. v. Western Mass. Ins. Co.*, 34 Conn., 561, 569; *Mercantile Ins. Co. v. Holthaus*, 43 Mich., 423, 426; *Goodwin v. Mass. Mut.*

Waiver of proof of loss.

*Life Ins. Co.*, 73 N. Y., 480; *Grange Mill Co. v. Western Assur. Co.*, 9 N. E. Rep., 274, 276.

4. Retraction of waiver of forfeiture.

The defendant company contends that these instructions should not have been given, because they are inconsistent, and all of them could not be supported by the evidence. It says they are inconsistent because in one the court instructed the jury that, if the defendant was informed of the falsity of the representations made by plaintiff, and did not then claim a forfeiture, but allowed successive proofs to be made, and only objected to the same on the grounds of form, it thereby waived a forfeiture for a breach of warranty; and in another instructed them that a denial of all liability on the policy was a waiver of proof of loss. But there is no inconsistency in them. There was evidence tending to prove that the for-feiture for false representations was waived when plaintiff was permitted and encouraged to submit proofs, without claim of forfeiture. This waiver could not afterwards be retracted. *Brink v. Hanover Fire Ins. Co.*, 80 N. Y., 108, 113. After the waiver of the forfeiture, the defendant denied all liability on the policy. Under the evidence the jury was warranted in finding that the waivers were made in the order and manner indicated.

The instructions were substantially correct.

Other questions have been discussed by counsel, but we do not deem it necessary to notice them in this opinion, as they have already been virtually decided by what has been said. The questions of fact in the case were fairly submitted to the jury, and the verdict was sustained by the evidence.

Judgment affirmed.