LORD v. DES MOINES FIRE INSURANCE COMPANY.

Opinion delivered June 26, 1911.

1.  INSURANCE—FORFEITURE—WAIVER.—Where an insurance company's adjuster, having knowledge that the insured had procured additional insurance without the company's consent, and thus incurred a forfeiture of the policy, requested the insured to furnish estimates of the loss and promised that the insurer would pay or rebuild the house, such acts constituted a waiver of the forfeiture. (Page 478.)

2.  SAME—WAIVER OF PROOF OF LOSS.—Where an insurance company's adjuster accepted an estimate of the cost of the building destroyed, and the verbal statement of the defendant as to the value of household goods lost, and promised to pay the loss, such acts constitute a waiver of further proof unless demanded. (Page 479.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*John Bruce Cox,* for appellant.

1.   Notwithstanding the provision in a policy requiring formal proof of loss, that requirement may be waived, as was done in this case by the acts of the adjuster in visiting the scene of the fire, examining the same "to his satisfaction" and by requesting appellant to furnish proofs of loss in a modified and different form from that required by the policy, and by his conduct leading appellant to believe that by conforming to his request no further proofs of loss would be necessary.   61 Ark. 108; 62 Ark. 348; 63 Ark. 188; 67 Fed. 577; 32 S. W. 727; 53 Ark. 494, 500; 110 Ala. 201; 54 Cal. 442; 65 Ia. 308; 159 Ill. 179; 108 Ind. 270; 67 Mo. App. 66; 51 Md. 512; 41 Pa. 61; 58 Neb. 488; 67 Wis. 422; 4 Wyo. 410.   The adjuster having under the law the right to waive formal proofs of loss, the question as to whether his acts. requests and promises to appellant amounted to a waiver was one of fact which should have been submitted to the jury.   14 Atl. 167; 43 Pa. 350.

2.   Any forfeiture of appellant's rights under the policy was waived by appellee through its adjuster, and whether or not there was such waiver was a question for the jury.   53 Ark. 494; 67 Ark. 584, 588; 36 Wis. 67; 108 N. C. 472; 61 Mich. 635; 1 Ind. App. 411; 72 Mich. 651; 49 Wis. 89; 21 N. Y. Supp. 203; 65 Ia. 454; 81 N. Y. 410.; 64 Mich. 372; 67 Cal. 36; 47 Neb. 138; 53 Wis. 585; 96 U. S. 234; 59 Tex. 509.

*Trezevant, Bartels & Trezevant,* for appellee.

1.   It is admitted in the pleading and shown by the proof that appellant had procured other insurance upon a part of the property insured by appellee.   Under an express condition contained in the policy sued on, the procurement of the other insurance, the contract being entire, operated to render this policy void as a whole.   52 Ark. 257; 63 Ark. 187; Richards on Insurance, § 346, pp. 305-307; *Id.,* 35-37; 2 Cooley on Insurance, 1913; 18 C. C. A. 203; 111 Ga. 622; 154 Fed. 35.

There was no waiver of this forfeiture.   The policy provides that the insured "shall furnish, *if required,* plans and specifications of any building destroyed or damaged;" also that "the company

shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to any examination herein provided for; and the loss shall not become payable until sixty days after ascertainment, *estimate* and satisfactory proof of the loss herein required have been received by the company." Richardson on Insurance, (3 ed.), 180, 181; 130 N. Y. 560, 566 *et seq.;* 65 Ark. 54, 60, 61; 118 Fed. 415, 55 C. C. A. 543; 90 Tenn. 212, 219.

2. It is well established that there can be no recovery on a policy of insurance where proof of loss has not been furnished within the time required by the contract, unless within the time it is waived. 72 Ark. 484. The demand of the adjuster for plans, specifications and estimates was not a waiver, and could not have led appellant to believe that no further proof was required, but was necessary, under the policy, in order to obtain them. Furnishing the estimate was a mere link in the chain of facts required under the conditions of the contract relative to proofs, and was not, in itself, sufficient proof of loss. 1 Clement on Fire Ins. 211. Moreover, the burden was upon appellant to show compliance with the "modified demand" within the sixty days allowed him under the contract in which to furnish proofs. 72 Ark. 484.

McCULLOCH, C. J. This is an action instituted by W. H. Lord on a policy of fire insurance in defendant company on his dwelling house and household goods in the town of El Dorado, Arkansas. The trial court instructed the jury to return a verdict in favor of the defendant, and from a judgment in the latter's favor the plaintiff appealed.

The answer tendered two defenses, which are insisted on here in justification of the judgment of the lower court, namely, a forfeiture on account of other insurance obtained on the property without the consent of defendant company, which is forbidden by the terms of the policy, and failure of the insured to furnish proofs of loss as required by the policy.

It is contended on the part of the plaintiff that testimony was adduced at the trial tending to establish a waiver of the forfeiture in obtaining other insurance, also a waiver of the proofs of loss, and that the case should have been submitted to the jury on these issues. The plaintiff testified, in substance, that a few days after the fire occurred which destroyed the insured

property an adjuster of the company came to El Dorado to adjust the loss; that he informed said adjuster that he had procured additional insurance on the household goods, and that thereafter the adjuster viewed the fire and then instructed him (witness) to get a carpenter to make an estimate of the cost of building such a house, and that the company would either rebuild the house or settle for it. He testified further that he employed a carpenter to make an estimate, and paid him for it, and that the same was delivered to the adjuster as requested. He stated also that he informed the adjuster as to the articles of household goods that had been saved, and that the adjuster said that he was satisfied with the statement. There was a conflict in the testimony, but it was sufficient to warrant a submission to the jury of the question of the waiver of the forfeiture and of the proofs of loss, and the court erred in taking the case from the jury by a peremptory instruction. The act of the adjuster, after becoming possessed of information as to the alleged forfeiture in procuring other insurance, in requesting the insured to furnish estimates of the loss upon his promise to pay or to rebuild the house operated as a waiver of the forfeiture. "When the insurer," said this court in *Planters' Mutual Insurance Co.* v. *Loyd,* 67 Ark. 585, "with knowledge of any act on the part of the assured which works a forfeiture, enters into negotiations with him which recognize the continued validity of the policy, and thus induce him to incur expense or trouble under the belief that his loss will be paid, the forfeiture is waived."

In *German Insurance Co.* v. *Gibson,* 53 Ark. 494, this court said: "Forfeitures are not favored in law; and any agreement, declaration or course of action on the part of an insurance company which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by conformity on his part, will estop the company from insisting upon the forfeiture." This statement of the law has been quoted and applied in other decisions of this court. *Phoenix Ins. Co.* v. *Fleming,* 65 Ark. 54; *Queen of Ark. Ins. Co.* v. *Forlines,* 94 Ark. 227.

The acceptance by the adjuster of the estimate of the cost of the building and the verbal statement of the defendant as to the articles of household goods lost and those saved, accompanied by

the promise to pay, constituted a waiver of further proof unless demanded. *Minneapolis Fire Ins. Co.* v. *Fultz,* 72 Ark. 365; *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475; *Home Ins. Co.* v. *Driver,* 87 Ark. 171; *American Ins. Co.* v. *Haynie,* 91 Ark. 43.

Reversed and remanded for a new trial.