INTER-STATE BUSINESS MEN'S ACCIDENT ASSOCIATION v.
GREENE.

Opinion delivered March 4, 1918.

1.  FORFEITURES—INSURANCE POLICIES—RULE.—Any agreement, decla-
ration or course of action on the part of an insurance company
which leads the insured honestly to believe that by conforming
thereto that a forfeiture of his policy will not be incurred, fol-
lowed by conformity on his part, will estop the insurance com-
pany from insisting upon the forfeiture.

2.  WAIVERS—KNOWLEDGE.—There can be no waiver without knowl-
edge, actual or implied.

3.  WAIVER—AMBIGUITY—INSURANCE   POLICY.—Unambiguous   non-
waiver clauses will be upheld by the courts; but indefinite and
uncertain non-waiver clauses which might lead an insured to go
to the trouble and expense of conforming to further requirements
under the terms of the policy, will not be upheld by the courts.

4.  ACCIDENT INSURANCE—FORFEITURE—WAIVER.—Appellee purchased
a policy of accident insurance in appellant company, the policy
providing that a professional baseball player was not insurable
under the policy.   Appellee was a professional baseball player
and sustained an injury while playing that game.   Appellee
notified appellant of his injury, stating that it was sustained
while participating in a professional ball game.   Appellant paid
appellee a portion of his claim; appellee then filled out and made
oath to the final proof blanks.   Held, appellant waived its right
to insist upon the forfeiture clause forbidding appellee to engage
in the professional baseball business.

Appeal from Hempstead Circuit Court; Geo. R. Hay-
nie, Judge; affirmed.

Roscoe R. Lynn, for appellant; Cockrill & Armistead,
of counsel.

1.   Appellee was a professional baseball player and
not insurable.   Unless there was a waiver he can not re-
cover.   The burden was on appellee to show waiver.   67
Ark. 589; 65 Id. 299.   No waiver was shown.

Neither sending printed blanks, the payment of $100
nor acceptance of premium subsequent to the injury was a
waiver.   67 Ark. 587; 64 Id. 590.

Jobe & Vesey, for appellee.

There was a waiver of forfeiture. 92 Ark. 378-384; 53 *Id.* 494; 99 *Id.* 476; 92 *Id.* 378; 67 *Id.* 588; 53 *Id.* 494; 79 *Id.* 475; 96 U. S. 577.

HUMPHREYS, J. Appellee brought suit against appellant in a magistrate's court in Hempstead County, Arkansas, for a balance of $214.28, alleged to be due on an insurance policy, issued by appellant to appellee on the 14th day of March, 1916, 12 per cent. penalty and $50 attorney's fee.

Appellant entered its appearance and judgment was rendered against it, from which an appeal was prosecuted to the circuit court.

Upon trial anew in the circuit court, evidence was heard and the following stipulation filed: "It is agreed by the parties that it is provided in the defendant association's classification of risks referred to in the policy, part D, paragraph 1, a *professional baseball player is not insurable,* and that unless there has been a waiver the plaintiff is not entitled to recover in this case." At this juncture in the proceedings, appellant requested a peremptory instruction, which was refused by the court. The court thereupon discharged the jury and rendered judgment in favor of appellee for $214.28 debt, $25.71 penalty and $50 attorney's fee. From that judgment an appeal has been properly prosecuted to this court.

Appellant denied liability under the policy on the ground that the injury occurred while appellee was playing professional baseball as an occupation. Appellee admitted that he could not recover unless appellant waived its right under the professional baseball exemption clause in the policy.

The sole issue to be determined by this court on appeal is whether appellant waived its right to insist upon the forfeiture clause forbidding appellee from engaging in the professional baseball business. The undisputed facts are as follows:

Appellant is an insurance company engaged in insuring business and professional men against injury by acci-

dent. Professional baseball players are excluded by the terms of the contract. Appellee applied for a policy on February 11, 1916, and procured the policy for a term of three months on March 14, 1916, for which he paid a premium of $2.25. He was classified in the policy as a cotton buyer. On June 7, 1916, appellee paid another premium, and the policy was renewed for a term of three months from June 14, 1916. On August 7 thereafter appellant returned a portion of the last premium to appellee and canceled the policy because appellee was then playing professional baseball. Appellee dislocated his ankle while "sliding to second base" at a time when he was engaged in playing professional baseball as an occupation. On May 3, 1916, appellee wrote appellant from his home in Hope, Arkansas, to the effect that while playing ball in Montgomery, Alabama, he happened to the misfortune of breaking his leg on April 23, 1916. This letter was received by appellant on or about May 5, 1915, and in response thereto appellant sent two preliminary notification blanks and two final proof blanks to appellee to fill out. He and his physician filled out and returned the preliminary notification blanks to appellant and they were received by appellant some time between the date of mailing and May 12 thereafter. The preliminary notification blanks, as filled out, notified appellant that the injury was received by appellee at Montgomery, Alabama, on April 23, while playing professional baseball as an occupation. On June 26 thereafter appellee wrote to appellant requesting part payment under the stipulation in the policy to pay at least half of the claim within sixty days after the date of the accident.

In response to the request, appellant wrote the following letter to appellee:

"July 18, 1916.

"Mr. J. T. Greene, Hope, Ark.:

"Dear Sir: In compliance with your recent request, I would respectfully advise that our board of directors have made an advance allowance upon your claim as per

our check No. 60036, amounting to $100, enclosed herewith.

"This allowance is made with the understanding that by taking this action the association neither admits nor denies any additional liability on account thereof.

"Hoping that this finds you on the highway to rapid recovery, I am,

"Yours very truly,

"Inter-State Business Men's Accident Ass'n.

"E. L. Beck, Mgr. Claim Dept."

On July 27, 1916, appellee filled out and made oath to the final proof blank, which had been furnished him by the company before it knew that the injury was received while playing professional baseball, and mailed it, together with the physician's final proof of injury, to appellant. Appellant received the final proof on July 31, 1916. This proof established a total loss of time by appellee of twelve weeks on account of the injury.

**The rule concerning** forfeitures in insurance policies was considered by this court in the case of *German Insurance Co.* v. *Gibson*, 53 Ark. 494, and is as follows: "Forfeitures are not favored in law; and any agreement, declaration or course of action on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by conformity on his part, will estop the company from insisting upon the forfeiture." The rule thus announced has been steadily adhered to by this court. See *Germania Insurance Co.* v. *Bromwell*, 62 Ark. 43; *Phoenix Insurance Co.* v. *Flemming*, 65 Ark. 54; *American Ins. Co.* v. *Dannehower*, 89 Ark. 111; *Pacific Mutual Life Ins. Co.* v. *Carter*, 92 Ark. 378; *Queen of Arkansas Ins. Co.* v. *Forlines*, 94 Ark. 227; *Lord* v. *Des Moines, Life Ins. Co.*, 99 Ark. 476. Applying the rule to the facts in this case, it is apparent that the sending of the four blanks to appellee by appellant did not constitute a waiver, because at the time the blanks were mailed, the company had no knowledge that appellee had changed his occupation from cotton buyer to that of professional ball player.

There can be no waiver without knowledge, actual or implied. *Planters' Mutual Ins. Co.* v. *Loyd,* 67 Ark. 584. Nor did appellant waive its right under the forfeiture clause by accepting a premium for ninety days' renewal of the policy, because at the time it extended the policy appellee was not playing professional baseball. At the time of the extension of the policy he was convalescing and did not again engage in the profession of playing professional baseball until the latter part of August, 1916.

But the court is of opinion that the payment of $100 by appellant to appellee on the claim, accompanied by its letter of date July 18, 1916, presented a question of waiver to be determined by a jury. If the nonwaiver paragraph in the transmittal letter had said, *this allowance is made with the understanding that by taking this action the association neither admits nor denies any liability on account thereof,* the appellee could not have misunderstood the letter. Unambiguous nonwaiver clauses will be upheld by the courts. *Phoenix Insurance Co.* v. *Minner,* 64 Ark. 590. But indefinite and uncertain nonwaiver clauses, which might lead an insured to go to the trouble and expense of conforming to further requirements under the terms of the policy, will not be upheld by the courts. The word *additional* in the nonwaiver clause in question may have led appellee to believe that the appellant admitted liability, but neither denied nor admitted the extent thereof. In other words, appellee may have reasonably concluded that appellant thought $100 would be ample to pay for the injury received by appellee. So believing, the appellee would naturally go to the extent of making additional and final proofs to show the company that his injuries entitled him, under the terms of the policy, to more than $100.

This cause was tried by the court, sitting as a jury, without objection on the part of appellant. The court found appellant had waived its right to insist upon the professional baseball exemption clause in the policy. There is sufficient evidence to support the verdict.

No error appearing in the record, the judgment is affirmed.