JACOB SCHWARTZ and LILLIAN SCHWARTZ, as Copartners, Trading under the Name of SCHWARTZ & COMPANY, Plaintiffs, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant.

Supreme Court, New York County, February, 1923,

Insurance — burglary — warranty of occupancy — concealment of fact of subletting part of floor — breach of warranty — no evidence of violence in making entry — when verdict for plaintiffs set aside.

Compliance with the conditions and provisions in a policy of burglary insurance is a condition precedent that must be established by the plaintiffs before there can be a recovery.

Plaintiffs doing business on the fourth floor of a building took out a mercantile open stock policy of insurance " For all loss by the felonious taking of property, from within the premises, by any person or persons who shall have made entry into the premises at any time during the day or night when the premises are not actually open for the transaction of business by the use of actual force and violence of which there should be visible marks made by tools or explosives upon the premises at the place of such entry." One of the warranties in reliance upon which the policy issued was " that the assured occupies the 4th floor," and another was " the business conducted by the assured in the premises is that of cloaks and suits," but nothing was stated in the policy to the effect that the assured occupied only the front half of said floor. *Held,* that plaintiffs' concealment of the fact that when the policy was issued the rear half of the fourth floor was under a sublease to another concern conducting an entirely different business, was a clear violation of the warranty that plaintiffs occupied said floor.

In an action upon the policy it appeared that the part of the premises occupied by the subtenant was divided from those of the plaintiffs by a hallway created by them entirely within and running across the premises leased to them, the entrance to which was from two elevators and a door leading from the stairs of the building. Plaintiffs' stock room from which goods were stolen bordered on this hallway and the door leading therefrom into plaintiffs' premises was not locked. At night the doors of the elevators were secured by iron bars and a Fox lock and the door to the common stairway was secured with such a lock. In order to remove the bars from the elevators one would have to enter the hallway created by plaintiffs from the stairway. Keys to the door at the head of the stairway were in the possession of the employees of the subtenant as well as those of the tenant and on the morning that the burglary was discovered an employee of the subtenant was the first to appear and he opened the premises. The only visible marks of violence or force as shown by plaintiffs were on the door leading from the interior private hallway to the stockroom and the adjacent wire netting which composed the wall of said room. *Held,* that in the absence of proof that there were visible marks of violence at the place of entry into the

fourth floor there could be no recovery even aside from the question of the violation of the warranty.

A verdict in favor of plaintiffs will be set aside as against the weight of evidence and a motion to dismiss the complaint made at the end of the whole case will be granted.

ACTION on policy of burglary insurance.

*Louis Dorfman,* for plaintiff.

*Nadal, Jones & Mowton,* for defendant.

LYDON, J.    This action was brought to recover upon an insurance policy for a loss alleged to have been sustained by the plaintiffs by reason of a burglary in their place of business on the fourth floor of Nos. 63 and 65 West Thirty-sixth street, in the borough of Manhattan, city of New York.

The facts in this case are rather unusual, and at the end of the whole case decision was reserved on the motion of the defendant to dismiss the complaint, subject to the coming in of the verdict. The jury brought in a verdict in favor of the plaintiffs, and thereafter the defendant moved to set it aside upon all of the grounds set forth in section 549 of the Civil Practice Act.

It appears that the plaintiffs were lessees of the fourth floor of the said premises. At the time the policy was taken out by the plaintiffs the rear half of the said loft was under sublease to a firm known as Simon & Schechter, who did a general contracting business in the manufacture of ladies' garments. The plaintiffs were jobbers in ready-made suits and cloaks. The part of the premises occupied by the said subtenant was divided from those of the plaintiffs by a hallway constructed entirely *within* the loft and running across the same. Bordering on this *interior* hallway was the plaintiffs' stockroom from which the goods were stolen. The entrance to the fourth floor loft was from two elevators, and also a door leading from the stairs of the building. At night the doors of the elevators were secured by bars of iron, and a Fox lock, and also the door to the common stairway was securely locked with a Fox lock; and in this way the fourth floor was closed. The plaintiffs contend that there is a public hallway on the fourth floor as shown on their map in evidence. This so-called hallway was created by plaintiffs, by arragement of fixtures inside the fourth floor which they put up, and which fixtures were removed by the plaintiffs when they vacated the premises. The door leading from this so-called public hallway into the loft was not locked. In order to remove the bars from the elevators one would have to enter this self-created so-called public hallway from the stairway. Keys to the door at the head of the stairway were in

the possession of the employees of the subtenant as well as the tenant, and the morning on which the burglary was discovered an employee of the subtenant was the first one to appear, and opened the premises.

The policy in this case was known as a mercantile open stock policy which indemnified, subject to the general provisions therein contained, so far as this case is concerned, " For all loss by the felonious taking of property, *from within the premises,* by any person or persons who shall have *made entry into the premises* at any time during the day or night when the premises are not actually open for the transaction of business by the use of actual force and violence of which there should be visible marks made by tools or explosives upon the premises at the place of such entry." The policy was issued upon, and had for its basis, certain statements of the assured, which were made warranties, and the company relied upon the said schedule of statements of the assured.

One of the said warranties that the plaintiff made was " that the assured occupies the 4th floor." Nothing was said in the policy to the effect that the assured occupied only the front half of the fourth floor. Another warranty was: " The business conducted by the assured in the premises is that of cloaks and suits."

In my opinion, it was necessary for the assured to have revealed the fact in their statement or warranties, that they occupied only part of the fourth floor, and that the rear half was under a sublease to another concern conducting an entirely different business. It is difficult to believe that it was the intention of the insurance company to issue this insurance to the plaintiffs notwithstanding the fact that possession of a substantial portion of the fourth floor was allowed to remain in the hands of strangers to the policy, who had keys enabling them to enter at will. There was clearly a violation of the warranty that they occupied the fourth floor when the assured permitted such tenant to continue in possession of a part of the premises.

As to the requirement of the policy that before recovery could be had thereunder it must be shown that property was taken from within the premises by any person or persons who shall have made entry *into* the premises by the use of actual force and violence of which there should be visible marks made by tools or explosives upon the premises at the place of such entry, I have reached the conclusion that there is not sufficient proof of any such entry in this case. The only visible marks of violence or force as shown by the plaintiffs, are found to be on the door leading from the *interior* private hallway to the stockroom and the adjacent wire netting which composed the wall of said room. There were no

marks whatever of any kind on the door leading from the public stairway to the so-called public hallway on the fourth floor, nor any marks on the elevator doors leading to the said public hallway, nor any marks on the door leading from the said public hallway into the fourth loft occupied by the plaintiffs although, as heretofore stated, this door was not locked. The plaintiffs' counsel claims that this *interior* hallway must be considered a public hallway and, therefore, the marks of violence on the door of the stock-room are sufficient evidence of the burglary under this policy. To this contention I cannot subscribe. It is conceded that the attention of the defendant was never called to the fact that there existed an interior hallway dividing the plaintiffs' premises from that of the subtenant, and it is, therefore, difficult to understand how it could have been within the contemplation of the defendant company to have issued this policy of insurance as against the burglarious taking of goods from an interior room without the slightest evidence of any marks of tools on any exterior entrance *into* the fourth floor.

This action is brought to recover on a policy or contract of insurance, and the parties to this contract determined what their agreement was by the terms of the policy, and they must each abide by said terms. Compliance with the conditions and provisions in the policy is a condition precedent that must be established by the plaintiffs before there can be a recovery. In the absence of evidence on the part of the plaintiffs that there were visible marks of violence at the place of such entry *into* the fourth loft there cannot be a recovery, even aside from the question of the violation of the warranty.

For the foregoing reasons the verdict is against the weight of evidence and is set aside. The motion of the defendant to dismiss the complaint, made at the end of the whole case, must be granted. Complaint dismissed, with an exception to the plaintiffs. Thirty days' stay and sixty days to make a case.

Judgment accordingly.