NATIONAL SURETY COMPANY OF NEW YORK v. FOX.

Opinion delivered July 11, 1927.

1. INSURANCE—FORFEITURE OF POLICY.—Breach of a condition of ownership or occupancy, or change of circumstances, prohibited by burglary insurance policy, *held* to avoid a policy.

2. INSURANCE—WAIVER OF FORFEITURE.—Where an insurer waived the right to forfeit a burglary policy because of violation of its terms as to ownership or occupancy, it cannot defeat recovery on such ground.

3. INSURANCE—WHEN FORFEITURE WAIVED.—Forfeitures are not favored, and any agreement, declaration, or course of action by insurer, leading insured honestly to believe that a forfeiture of the policy will not be incurred by conformity thereto, estops the insurer from insisting on a forfeiture for such cause.

4. INSURANCE—WAIVER OF FORFEITURE.—A burglary insurance company, whose general agent told insured that the latter's rental of the house for a shorter time than vacancy period permitted by the policy was satisfactory, could not declare a forfeiture or

defeat recovery on the policy because of such occupany by the tenant.

5. INSURANCE—SUFFICIENCY OF PROOF OF LOSS.—A burglary insurer in objecting to proof of loss because of failure to make a complete inventory and state the original cost of each article and cash value thereof at the time of loss, and going fully into such facts and other objections when insured was on the stand, *held* not excused from paying loss because of defects in such proof, though the valuations were arbitrary.

6. INSURANCE—BURDEN OF PROOF AS TO LOSS.—In an action on a burglary insurance policy, the burden is on the plaintiff to prove that the burglary was caused by burglary, theft or larceny.

7. INSURANCE—SUFFICIENCY OF EVIDENCE.—In an action on a burglary insurance policy, evidence that certain articles were missing *held* to justify a finding that they were stolen.

8. INSURANCE—BURDEN OF PROOF.—In an action on a burglary insurancy policy, plaintiff was not required to show who stole the articles missing, nor that the tenant did not steal them.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*Rogers, Barber & Henry,* for appellant.

*Joe Loeb,* for appellee.

MEHAFFY, J.    The appellee brought suit against the appellant in the Pulaski Circuit Court for $314, the value of personal property claimed to have been stolen from appellee's home during the month of July, 1925. The suit is based upon a policy of burglary insurance, executed by the appellant and delivered to the appellee October 10, 1924, covering household goods, furniture, wearing apparel, jewelry, and other personal property of appellee, situated and contained in the premises at 2107 Broadway, in the city of Little Rock, the place of appellee's home.

The complaint alleged the issuing of the policy for the period of one year against loss by burglary, theft or larceny, for the goods mentioned above, while contained in the premises at 2107 Broadway. Alleged that in July, 1925, the premises were burglarized and property covered by the policy of the value of $314 was stolen. That notice and proofs of loss were furnished in compliance with

the terms of the policy.  Copy of the policy was attached as an exhibit to the complaint.

The defendant, appellant here, answered, denying that the premises were burglarized, and denied that it was indebted in the sum of $314 or any other sum.  And, as a further defense, alleged that the policy covered loss by burglary, theft or larceny of the property insured thereunder from within the house occupied by the insured, as described in the declarations, caused by any other person except one whose property was covered hereby. Defendant alleged that the premises, in July, were not occupied by appellee, but that the house was rented to a stranger named Von Wetzen, and that Von Wetzen stole the property for which this action was brought. Defendant further alleged that suit was filed within 90 days after the loss, in contravention of the terms of the policy, and that, if appellee should recover, he would not be entitled to penalty and attorney's fees.  Defendant filed an amendment to its answer, denying that appellee had complied with the terms of the policy with reference to notice and proof of loss.

The case was tried before the court sitting as a jury, by the consent of the parties, and the court rendered judgment for the plaintiff, appellee herein, for $314, together with statutory penalty of 12 per cent. and attorney's fees of $75.

Defendant filed motion for new trial, which was overruled, exceptions saved, and appeal prayed to the Supreme Court, and granted.  The defendant thereafter filed its bill of exceptions within the time allowed by the court, and prosecuted its appeal to this court.

Appellant's first contention is that the alleged loss did not occur while the premises were occupied by the appellee, and there was therefore no liability against the appellant.  Appellant then, bearing directly upon the question involved and as affecting burglary insurance policies, cites the following cases:  First, *Lee* v. *Adsit*, 37 N. Y. 78, but that case, as stated by the court, was not an action against the insurers or on the policies.  The com-

plaint alleged that plaintiffs received lumber in their lumber yard from defendants for sale on commission, etc., and plaintiffs were not to insure the lumber, but defendants took the risk of fire. It was therefore a controversy between these two parties, and has no application to the facts in this case.

The next case relied on by appellant is the case of *German Fire Insurance Co.* v. *Home Insurance Co.*, 144 N. Y. 195, 39 N. E. 77, 26 L. R. A. 591, 43 Am. St. Rep. 749, and the syllabus of that case reads as follows:

"Where a policy of fire insurance insuring the stock of goods contained a provision declaring it void in case of sale, transfer or change of title to or possesion of the property, and the insured, during the life of the policy, took a copartner, transferring to him an interest in the insured property, it held that this transfer rendered the policy void."

In the above case the policy expressly provided that it should be void in case of sale, transfer or change of title or possession. There is no contention that the insurance company was notified and consented to the change. It could have done so, and, if it had, the policy would have been binding. The sale made the contract void, as the court said, because it is a well-established principle of common law that every man has the right to determine with whom he will enter into contract obligation. And, among other things, the court said: "It would be a harsh rule to permit the things mentioned without having an opportunity to examine into the moral and business characters of the two strangers to the original contract." However, the court expressly stated that, where one partner sold to another partner, this would not avoid the policy. But the reason the policy was held void in that case was because there was an absolute violation of the provision contained in the policy with reference to sale and transfer without getting the permission of the insurance company to do so and without notifying the insurance company of the intention to do so.

The next case referred to is the case of *Liss v. United States Fidelity & Guaranty Co.,* 103 Misc. Rep., 253, 169 N. Y. S. 1027, and this suit was upon a policy of burglary insurance. The policy in the above case was violated without permission of the insurance company, the insurance company had no knowledge of the change of possession and conditions, and the court said that it had no power to proceed on the assumption that the insurance company would have assented to the change. If, however, the insurance company had been notified of the change and agreed to it or acquiesced in it, then it could not have declared a forfeiture. It is universally held that, where a condition of ownership or occupancy or change of circumstances prohibited by the terms of the policy is made, this avoids the policy. But it is also universally held that, if it waives its right to forfeit the policy because of any violation, it cannot thereafter defeat a recovery because of the violation of a provision in the policy which it waived.

Attention is called by appellant to *Schwartz v. Fidelity & Guaranty Co.,* 199 N. Y. S. 270, 120 Misc. Rep. 323. A right of recovery was denied in that case because of concealments on the part of the assured, and this concealment was a violation of a warranty clause in the policy. The court said: "In my opinion, it was necessary for the assured to have revealed the fact in their statement or warranties that they occupied only part of the fourth floor and that the rear one-half was under a sub-lease to another concern conducting an entirely different business."

The above case also discusses the question of evidence to prove burglary or theft.

Attention is also called to the case of *Reese v. Fidelity & Deposit Co. of Maryland,* 156 N. Y. S. 408, 93 Misc. Rep. 31. In that case allegation and proof was that the policy of insurance was procured by such misrepresentations as to make it void. But the case also held that, where the insurance company repudiated liability under a burglary policy on the ground that it was obtained by

fraud and misrepresentation, the plaintiff was not bound to abide by the condition in the policy that no action shall be instituted under three months until after the furnishing of the proof of loss.

The plaintiff, T. R. Fox, testified that he rented the house to a man named Von Wetzen, who was recommended to him as a desirable tenant, and that he was to let him occupy it while Fox was away in California. He testified that, at the time, he had a conversation with Mr. Newell, of the W. B. Worthen Company. The W. B. Worthen Company were the general agents, and Mr. Newell attended to that part of the business. He said he went in to see Mr. Newell, and told him that he had his house rented, and that Mr. Newell said that was a good rental, that was all right. Fox said that was the answer Newell gave him, that it was satisfactory, and he had no objections. He stated that he thought he had previously told Mr. Newell that he was going to rent the house, and that Mr. Newell had no objections. The record shows that Mr. Newell had authority to issue policies, and that he had issued this policy.

The rule concerning forfeitures in insurance policies was considered by this court in the case of *German Insurance Company* v. *Gibson,* 53 Ark. 494, 14 S. W. 672, and is as follows:

"Forfeitures are not favored in law, and any agreement, declaration or course of action on the part of an insurance company which leads the insured honestly to believe that, by conforming thereto, a forfeiture of his policy will not be incurred, followed by conformity on his part, will estop the insurance company from insisting upon the forfeiture. The rule thus announced has been steadily adhered to by this court." *Interstate Business Men's Accident Assn.* v. *Green,* 132 Ark. 546, 201 S. W. 799.

The above case cites many authorities on the question of forfeiture and cases upholding the rule above announced. But we do not deem it necessary to cite them here or to call attention to any additional cases.

We have concluded that, when the insured notified the insurance company's general agent and the agent made the statement that Fox testified he did make, the insurance company could not thereafter declare a forfeiture or defeat recovery because of the occupancy of the house by the tenant. It will be remembered that the agent does not deny that Mr. Fox told him what Fox testifies that he did, and does not deny that he made the statement which Fox says he made. It may be that the insurance company preferred to have a tenant rather than to have the premises unoccupied. The policy provides for the house to remain unoccupied for a longer period than Fox intended to be away, and the insurance company may have preferred to have a tenant rather than to have it unoccupied. It may have thought that burglary was more likely to occur if the house was unoccupied than if it were occupied by a tenant. At any rate, the plaintiff swears that he notified the agent, and the agent does not dispute it, and the insurance company could not declare a foreiture under such circumstances.

It is next contended by the appellant that no proof of loss, as required by the policy, was ever filed with the company, and specifically states that the proof of loss shall state a complete inventory of the stolen property. This, we think, the insured did. At any rate, no objection was made to the proof of loss because of the failure to make a complete inventory, nor was there any objection because the original cost of each article was not stated and the cash value at the time of the loss. These facts, together with the other objections to the proof of loss, were gone into in the trial, when Fox was on the stand, and he testified fully with reference to them.

Appellant's argument is that all the proof shown was the arbitrary valuation. But any valuation put upon them at all as to their cash value would, of course, have been an arbitrary valuation. We find nothing in the record that would justify or excuse the appellant from paying the loss because of any defect in the proof

of loss. It seems to have got all the information that it desired or that it asked for, and we think this was all it had a right to demand.

Appellant's next contention is that there is no testimony to show that the alleged loss was occasioned by burglary, theft or larceny, and it is argued that the burden is upon the plaintiff to make this proof. We think the insurance company's contention that the burden is on the plaintiff is correct, but we do not agree with it in its contention that this burden was not discharged. The testimony shows that, when Fox returned from California, Wetzen, the tenant, was gone, and that he never saw him after that time. That he notified the police of the loss of the articles stolen, and found that the tenant had stolen some of them and returned them.

Willie McAdoo, colored, testified that, while Fox was away, she went there every other day, and that, when she went to the house on Wednesday, she found that all the doors were unlocked, the windows unlocked, and the inside doors open. The last time witness saw any of the tenants about the house was on Saturday, and on Wednesday the doors and windows were all unlocked. Witness did not know when they left. Did not know how long the place had been unoccupied and the doors unlocked, but that the last time witness noticed anybody there was on Saturday, and on the following Wednesday the doors and windows were unlocked and the inside doors open.

When Fox returned he found that certain articles were gone. About the only proof that could be made as to burglary or larceny ordinarily would be that the doors or windows were open and that articles that were in the house before were missing and could not be found. This was sufficient proof that they had been stolen, and we think that the proof that the tenant stole some of them does not warrant the conclusion that he stole the others. And while the burden was on the plaintiff to show the larceny of the articles, he was not required to show who stole them, and was not required to show that the ten-

ant did not steal them. When the plaintiff shows by evidence that the house was open and that the goods that were in there prior to the time Fox left were missing, we think this is sufficient evidence to justify the court in finding that the articles were stolen.

There was sufficient proof to justify the finding of the court, and the judgment is affirmed.