EQUITY MUTUAL INSURANCE COMPANY *v.* MERRILL.

4-8914                                                    221 S. W. 2d 2

Opinion delivered June 6, 1949.

---

*Willis & Walker,* for appellant.

*Woody Murray* and *H. G. Leathers,* for appellee.

GEORGE ROSE SMITH, J. This suit was brought by the appellee upon an insurance policy covering loss or damage resulting from the theft of his truck. The main question at the trial was whether the vehicle was stolen or merely taken without appellee's permission. The jury found that a theft had occurred.

Appellee lived on a farm about eight miles north of Green Forest and had an employee, Cecil Stewart, who occupied a tenant house. Stewart was authorized to use the truck for farm purposes but was not allowed to use it in his own affairs. On two occasions during the ten days preceding August 2, 1947, the appellee had refused to permit Stewart to take the vehicle on a trip to the wheat harvest. On the night of August 2 Stewart took the truck without permission and drove north into Missouri. He followed a route roughly clockwise and was back in this State driving west toward Green Forest when he was involved in the accident that caused the damage giving rise to this suit. Stewart arranged for the truck to be towed to a garage in Harrison and, leaving it there, returned to his home the next day. There he admitted having taken the truck, attributed it to the fact that he had been drunk, and offered to bear the cost of repairs if appellee wouldn't have him prosecuted. No criminal charges were brought, though in the course of an investigation by the State police appellee reported what he knew of the incident.

This evidence is sufficient to support the jury's verdict. They may well have concluded that Stewart took the vehicle with the intention of going to the wheat harvest and that his aimless circle through Missouri was occasioned by his intoxication. When the accident occurred he was traveling west, the direction of the wheat fields as well as of Green Forest. His conduct in having the truck taken to a garage and in returning to his home

does not eliminate the possibility that the taking was felonious.

Appellant complains of two instructions explaining the elements of larceny, but the only objection made is that they were abstract. Even so, there was no prejudice, for we do not see how either instruction could have misled or confused the members of the jury. We have often held that the giving of abstract instructions is not reversible error in these circumstances.

Affirmed.