State Farm Fire & Casualty Co. *v.* Forrest E. Rice et ux

5-3972                                    406 S. W. 2d 880

Opinion delivered October 17, 1966

*Brown, Compton & Prewett,* for appellant.

*W. P. (Billy) Switzer,* for appellee.

Ed. F. McFaddin, Justice. This is an action by an insured to recover for property alleged to have been lost by theft.

Appellees, husband and wife, were policy holders of a home owners' policy issued by appellant. Among other things the policy covered ". . . personal property , . . owned, worn, or used by an insured while on the premises. . ." One of the perils insured against was "Theft, meaning an act of stealing or attempt thereat. . ." Appellees filed action claiming that Mrs. Rice's cloth coat of the value of $80.00 had been stolen from the Rice home, and that they were entitled to be compensated[1] under the policy provisions above quoted.

[1]The original complaint alleged the value of the cost to be $120.00; but by amendment this was reduced to $80.00; and no point is here made as to any irregularity in such reduction. The Trial Court allowed penalty and attorney's fee, and the correctness of that ruling is not challenged on this appeal.

The appellant insurance company denied any liability; the case was tried to the Court without a jury; and there was a finding and judgment in favor of the plaintiffs for $80.00 and interest, plus costs, penalty, and attorney's fee. From such judgment there is this appeal, and appellant urges only one point, to-wit:

"Under the facts and under the terms and conditions of the policy there is no substantial evidence to support the judgment."

We have previously copied the germane provisions of the policy. The facts were disclosed by the testimony of Mrs. Rice. She testified that before going to the hospital for surgery she checked all her winter clothing and that the coat was in her bedroom closet. She remembered distinctly checking about the buttons. Some time after she returned from the hospital she discovered that the coat was missing from the closet. She made a thorough search of the premises and the coat was not to be found; and she notified the insurance agent of the loss. Mrs. Rice further testified that the only persons living in the home were her husband, herself, and their 13-year-old daughter; that they also had a maid for housework; that frequently the entire family had been away from the home; and that she could not say that the doors were always locked when the entire family was away.

The burden of proof was on the plaintiffs to prove that the coat was lost by theft. (*National Surety Co.* v. *Fox,* 174 Ark. 827, 296 S. W. 718.) Appellant argues that the proof offered by the appellees was not sufficient to warrant a finding that the loss was due to theft; and appellant claims that a mere disappearance of an article does not, of itself, mean a theft. There are a myriad of cases involving claims on insurance policies for loss of property. Even to attempt to delineate the cases would be a work of supererogation. In addition to the National Surety case previously cited, some of our own cases involving loss of insured property in which the insurance policy covered larceny besides theft, are: *Central Surety*

*Fire Corp.* v. *Williams,* 213 Ark. 600, 211 S. W. 2d 891; *Mass. Fire & Marine Ins. Co.* v. *Cagle,* 214 Ark. 189, 214 S. W. 2d 909; and *Equity Mutual Ins. Co.* v. *Merrill,* 215 Ark. 483, 221 S. W. 2d 2.

There are interesting annotations in American Law Reports on ''Burglary, Larceny, Theft, or Robbery Within Policy of Insurance.'' These annotations may be found in 41 A.L.R. 846; 44 A.L.R. 471; and 54 A.L.R. 467. In the last cited annotation it is stated: ''While mere disappearance of an article covered by the policy is not sufficient, of itself, to warrant a finding that its loss was due to theft, larceny, or burglary, within the terms of the policy, a finding of such a felonious abstraction may, in a proper case, rest upon circumstantial evidence.'' A case with facts somewhat similar to those here is *Fidelity Cas. Co.* v. *Wathen,* (Ky.) 266 S. W. 4.

It will be observed from the policy provisions previously copied that there was no provision in the policy concerning the nature of proof sufficient to establish a theft. The house did not have to be entered, etc., etc. The word ''theft'' is a generic word: Black's Law Dictionary says of theft, ''. . . it is a wider term than larceny. . . Theft is the fraudulent taking of corporeal personal property belonging to another . . . with the intent to deprive the owner of the value of the same. . .'' Funk & Wagnall's New Standard Dictionary says of theft: ''Theft sometimes has a wider significance than larceny and . . . may apply to any illegal acquisition of property, whether by removing or withholding it, and includes embezzlement, breach of trust, robbery, cheating, etc.''

Mrs. Rice's testimony went farther than to show a mere disappearance of the property. She stated the condition of the house and the absence of the family at times. In short, there were sufficient matters of a circumstantial nature to take the case to the fact finding agency to determine whether there had been a theft of

the coat. So we find no merit in the appellant's argument that the evidence was not sufficient to support the judgment to the effect that the coat was stolen.

While not listed as a separate point, the appellant also argues that the plaintiffs did not comply with the policy provisions as to notification of the loss. The policy says: "Upon knowledge of loss under this peril or of an occurrence which may give rise to a claim for such loss, the insured shall give notice as soon as practicable to this company or any of its authorized agents, and also to the police." Mrs. Rice testified that she promptly notified the agent of the company; but it is claimed by appellant that Mrs. Rice did not notify the police. Mrs. Rice testified, without contradiction, that there was no police force in West Crossett, Arkansas; that the Sheriff's office was located in the court house in Hamburg, a number of miles away, and that she discussed with the insurance company adjuster the matter of notifying the police and was advised that such was not necessary. Under the showing here made the matter of waiver of notice to the police became a fact question.

Finding no error, the judgment is affirmed; and appellees are allowed an additional $100.00 for attorney's fee in this Court.