JOHNSON VS. BARBOUR.

PRACTICE: *Where damages excessive.*

   Where the damages are excessive, the defendant should move the court to set aside such excess in order that the plaintiff may have an opportunity to remit before being taxed with the costs of an appeal.

SAME: *Where form of verdict or judgment objectionable.*

   Where the form of the verdict is objectionable, or the proper judgment is not rendered upon the verdict, such objection should be pointed out to the lower court, before appeal granted.

APPEAL from *Phillips* Circuit Court.

Hon. M. L. STEPHENSON, Circuit Judge.

*Palmer & Sanders*, for appellant.

*A. H. Garland*, for appellee.

GREGG, J.   The appellee brought his action at law upon a bill of exchange drawn by appellant, March 1, 1867, on Givan Watts & Co., of New Orleans, La., and protested for nonacceptance.

The appellant attempted to set up as a defense his discharge in bankruptcy, etc.

Upon the appellee's recovering judgment, the appellant moved for a new trial upon the grounds only that the verdict was not sustained by the evidence, and that it was contrary to law and evidence.

The verdict was: " We, the jury, find for the plaintiff, and assess his damages at the sum of two thousand three hundred and fifteen and $\frac{16}{100}$ dollars."   And the court rendered judgment for the amount so assessed, and that it drew interest at six per cent. per annum.

It is here insisted that, under our statute, this bill, upon protest, bore ten per cent. interest and four per cent. damages, and that the verdict should have found the damages separate

Johnson vs. Barbour.

from the debt and interest, and that the judgment should have preserved that distinction; that no interest should run on the damages; that the amount assessed under the proof should have been $2,236.64 debt and interest, and $59.16 damages.

If the damages assessed by the jury were for the aggregate amount, the appellee had a right to recover, the appellant was not greatly damaged by their failure to find each item of damage separately.

If the damages were excessive, or the judgment for a greater sum than was assessed, the correction should have been made by the court below; this error should have been pointed out to that court before an appeal was asked. Sec. 886, Code of Civil Practice, p. 254.

Where excessive damages are assessed, the court below should be asked to set aside for such excess; the successful party should have an opportunity of remitting the excess before being taxed with the costs of an appeal.

If the form of the verdict or judgment is objectionable, or if the proper judgment is not rendered upon the verdict, such objection, also, should be pointed out to the lower court so the errors might be there corrected. *Steck v. Mahar*, 26 Ark., 536, and other cases.

The judgment is affirmed.

STEPHENSON, J., being disqualified, did not sit in this case. Hon. F. W. COMPTON, Special Judge.