SLEDGE & NORFLEET COMPANY *v.* MANN.

Opinion delivered December 8, 1924.

1. TRIAL—EFFECT OF VERDICT.—In an action on a note where defendants relied solely upon a counterclaim in an amount exceeding the note, a verdict finding for the defendants and for the plaintiffs on the counterclaim, necessarily implied that defendants' liability on the note was counterbalanced by plaintiff's liability on the counterclaim, and therefore that plaintiff was not entitled to a judgment.

2. TRIAL—WAIVER OF OBJECTION TO VERDICT.—Objection to the form or language of a verdict or to its uncertainty should be made at the time of its rendition and before the jury is discharged.

3. APPEAL AND ERROR—OBJECTION TO FORM OF VERDICT.—It is too late to object to the form or language of a verdict if the substance and effect can be fairly and definitely interpreted from the language used.

4. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A finding of the jury on conflicting evidence will not be disturbed.

5.  BROKERS—DUTY TO FOLLOW INSTRUCTIONS.—A broker is bound to make sales of cotton in accordance with the express directions of the owners, and, in the absence of instruction, to exercise ordinary care to make sales to best advantage.

6.  BROKERS—LIABILITY FOR NEGLIGENCE.—Even if cotton is shipped to a broker in pledge for security of a debt to the broker, the broker is liable for negligence in failing to handle and sell it advantageously.

Appeal from St. Francis Circuit Court; *E. D. Robertson*, Judge; affirmed.

*Mann & Mann*, for appellant.

Where one indorses the note of another prior to the delivery of the same to the payee and credit is extended on the faith of the indorsement, such indorser will be treated as principal and equally liable with the other makers. 77 Ark. 53; 3 L. R. A. (N. S.) 1199; 3 R. C. L. 1120; 80 Ark. 285. This rule has not been changed by the Negotiable Instrument Act. C. & M. Digest, §§ 7829-30 and 7832; 146 Ark. 186.

*Church & Gannaway* and *C. W. Norton*, for appellee.

Where the form of the verdict or judgment is objectionable, or if the proper judgment is not rendered upon the verdict, such objection should be pointed out to the lower court so the errors might be there corrected. 28 Ark. 188; 26 Ark. 536. It is too late to ask for correction here for the first time. 68 Ark. 71; 56 S. W. 532. Recovery cannot be had against an accommodation indorser as maker, even if the petition charges him to be a maker, and parol evidence showing him to be such was admitted without objection. Brannan on Uniform Negotiable Instruments Law, § 63. The court cannot give the instrument other legal effect than the statute says shall be given to it. 180 S. W. 561. The intent to be bound in some other capacity must be indicated in the indorsement, and cannot be shown by parol. 143 Ky. 754; 137 S. W. 790; 126 Md. 474; 95 Atl. 62; 179 S. W. 721.

McCULLOCH, C. J. Appellant, a business corporation, domiciled and doing business in the city of Memphis, Tennessee, instituted this action against appellees, Arthur

Mann and J. W. Roane, copartners conducting farming operations in Arkansas under the firm name of Mann & Company, and appellee Mary Lee Mann, the wife of Arthur Mann, to recover a balance of $4,777.84, alleged to be unpaid on a promissory note executed by appellees to appellant, dated April 14, 1919, and payable November 1 thereafter, for the sum of $10,000. The note, a copy of which is exhibited with the complaint, was signed by appellees Mann and Roane and was signed on the back by Mrs. Mann under the following indorsement: "I hereby bind my separate estate for payment of this note. Demand and notice of protest waived." Appellees filed an answer denying the execution of the note, but this plea was abandoned at the trial, and appellees relied, so far as concerned the makers of the note, solely on a counterclaim for damages alleged to have been sustained by reason of wrongful failure of appellant to sell cotton shipped by appellees to appellant for sale as broker. It was alleged in the counterclaim that, at the time of the execution of the note, appellant held as broker a number of bales of cotton of the crop of the year 1918, owned and shipped by Mann & Company, and that the crop of the year 1919 was also shipped, and that appellant refused to comply with the express directions of the owners to sell the cotton, thereby losing the benefit of the advanced prices, to the damage and injury of appellees in the sum of $9,000. The prayer of the cross-complaint was for the recovery from the appellant of said sum.

Mrs. Mann pleaded as additional defense that she was an accommodation indorser and that there was a failure of demand and notice which discharged her from liability.

At the conclusion of the trial of the cause the jury returned a verdict in the following form: "We, the jury, find for the defendants, Mann & Co. and Mrs. Mann. We, the jury, find for the defendants, Sledge & Norfleet, on cross-suit."

In the motion for a new trial there are numerous assignments of error with regard to the charge of the

court and the rulings on the admissibility of testimony, but all of those assignments are abandoned here, and we are not asked to consider them.

So far as concerns the liability of appellees Mann and Roane, counsel for appellant rely, as grounds for reversal, solely on the contention that, under the verdict of the jury, there should have been a judgment rendered in favor of appellant against those two appellees for the amount of the unpaid balance on the note. Counsel contend that the effect of the verdict necessarily implied a rejection of the counterclaim of appellees, and that, inasmuch as liability on the note was not disputed other than the counterclaim which extinguished it, judgment should have been rendered by the court on the verdict in favor of appellant. We cannot agree with counsel that such was the necessary effect of the verdict, for that interpretation of its language would render it inconsistent and contradictory. There is a direct and affirmative finding against appellant for recovery of the amount, which necessarily implies a finding that the liability had been extinguished, and this can only mean that it was done by the application of damages which appellees suffered by reason of the failure of appellant to sell the cotton as directed. In other words, the language of the verdict, when each part is construed in harmony with the other part, means that the jury awarded damages on the counterclaim of appellees for a sum equal to the unpaid balance on the note, and no more. This is the reasonable interpretation to place on the language of the verdict, and it is our duty to harmonize the different parts of a verdict if it can be done reasonably consistent with the language used. If objection was to be made to the form of the verdict, or if it was desired to make the language more explicit, the objection should have been properly made at the time the verdict was rendered and before the discharge of the jury. It is too late now to make objection to the mere form of the verdict when its substance and effect can be fairly and definitely interpreted from the language used. *Johnson* v. *Barbour,* 28 Ark. 188;

*Hanf* v. *Ford*, 37 Ark. 544. The evidence is sufficient to sustain the verdict as thus interpreted, as the jury might have found from the evidence that the claim of appellees for damages was excessive, but that they were entitled to recover an amount of damages equal to the unpaid balance on the note so as to extinguish the liability on the latter.

It appears from the testimony that, at the time of the execution of the note, appellant had on hand some of the cotton of appellees from the preceding year, 1918, and that the crop of 1919 was also shipped to appellant to handle as a broker. Appellees introduced testimony to the effect that Mr. Mann, one of the appellees, gave positive instructions to appellant to sell the cotton and not hold it. This was contradicted by the testimony introduced by officers and agents of appellant corporation, who testified that no such directions were ever given, and that they exercised their best judgment in handling and selling the cotton. Sales were made from time to time, but all of the cotton was not finally disposed of until some time during the year 1921. There is also a conflict in the testimony as to the grade of the cotton, but all of these conflicts were settled by the verdict of the jury in favor of appellees.

The undisputed proof shows that cotton constantly declined after the spring of 1920. At the time the bulk of the cotton of the crop of 1919 was shipped to appellant the price was very high, and appellees claimed and testified that their cotton was of good grade, and that they gave specific directions to appellant to sell it. The cotton was not sold at once, but, as before stated, some of it was kept on hand for about a year while the price was declining. The evidence is undisputed that the cotton market was dull all of this time, and, as before stated, that the price was constantly declining, but, if appellant failed and refused to comply with the directions of appellees to sell, as the jury must have found by their verdict, it did so at appellants' own peril. The cotton was shipped to appellant, not in pledge for the security of debt, but

as broker, and it was its duty to make sales in accordance with the express directions of the owners, and, in the absence of express directions, to exercise reasonable and ordinary care to make sales to the best advantage. Even if the cotton was shipped in pledge for the security of debt, appellant would be liable for any negligence in failing to handle and sell the cotton advantageously. In either event the evidence was sufficient to warrant the finding of the jury.

It is difficult to determine here upon what basis the jury figured out the damages in precisely the amount of the liability on the note, but we cannot say that it was impossible for the jury to have reached that result in their computation of damages. There is testimony as to the price of cotton from time to time, but there was no inflexible rule by which the jury must have fixed the damages with unerring accuracy, and it was to some extent a question of judgment as to how much the damages amounted to for delay in disposing of the cotton while the price was constantly declining. We are unable to say that the verdict fixing the amount of damages is without testimony to support it.

It is unnecessary to discuss the additional defense made by Mrs. Mann, for the finding of the jury that liability on the note had been extinguished by the claim of damages made by the other appellees necessarily inured to the benefit of Mrs. Mann. If liability on the note had thus been extinguished, it is unimportant whether or not Mrs. Mann was originally liable on her indorsement.

Judgment affirmed.