SPEARS & PURIFOY *v.* MCKINNON.

Opinion delivered March 23, 1925.

1. PHYSICIANS AND SURGEONS—MALPRACTICE—NEGLIGENCE.—In an action against two physicians for malpractice in failing to remove sponges after an operation, evidence *held* to sustain a verdict for plaintiff; the rule giving the strongest probative force to the testimony of the prevailing party requiring that all reasonable possibilities be taken into account.

2. PHYSICIANS AND SURGEONS—NEGLIGENCE—LIABILITY OF ASSISTANT SURGEON.—A surgeon, who assisted in an operation and was required to insert and withdraw sponges, could not escape liability on the ground that he was merely an assistant, if through carelessness or negligence he failed to withdraw any of them.

3. TRIAL—CONSTRUCTION OF VERDICT.—In an action against two surgeons, where the plaintiff sued for $10,000 damages for mal-

practice, a verdict which stated: "We, the jury, find for the plaintiff. the sum of $3,500 against Dr. Spears and the sum of $3,500 against Dr. Purifoy," *held* a verdict for the plaintiff for $3,500 against the two surgeons jointly and not a separate verdict against each for that sum.

4.  APPEAL AND ERROR — MODIFICATION OF JUDGMENT.—Where the jury, in an action against two joint tort feasors rendered a verdict for the same amount against each of them, and the court entered separate judgments for such amount against each of the defendants, the cause will not on this account be reversed, but the Supreme Court will render a joint judgment for the amount assessed against each defendant.

5.  PHYSICIANS AND SURGEONS—NEGLIGENCE—LIABILITY.—Surgeons cannot relieve themselves from injury to a patient, caused by leaving a sponge in her abdominal cavity after an operation, by adopting a rule requiring the attending nurse to count the sponges used and removed, and relying upon such count as conclusive that all sponges have been accounted for.

6.  PHYSICIANS AND SURGEONS—NEGLIGENCE—EXCLUSION OF EVIDENCE.—Since a custom among surgeons of making the count by the attending nurse of sponges used in an operation conclusive evidence that all sponges have been accounted for cannot relieve a surgeon from liability, the court did not err in excluding testimony tending to establish such rule or custom.

Appeal from Union Circuit Court; *L. S. Britt,* Judge; judgment modified.

*J. A. Sherrill,* for appellant.

*W. A. Spear,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellants, practicing physicians, in the circuit court of Union County, to recover damages in the sum of $10,000 for alleged malpractice in the performance of an operation on her on March 5, 1921. The gist of the complaint is that, after the operation they performed upon her for ectopic pregnancy, at Warren-Brown Hospital in El Dorado, they left a sponge or gauze in her abdominal cavity, which dropped into the cul-de-sac, a pouch at the bottom of the abdomen lying above the uterus and in front of the colon, where the gauze began to rot the tissue and membranes between the anterior wall of the rectum and posterior wall of the vagina until it found its way to a point about five inches above the anus, where it sloughed

into and out through the rectum, December 3, 1922, having caused her much pain, suffering and injury in its process of elimination.

Appellants filed an answer denying all the material allegations in the complaint.

Thereafter the cause was submitted upon the pleadings, testimony adduced by the parties and the instructions of the court, which resulted in the following verdict: "We, the jury, find for the plaintiff the sum of $3,500 against Dr. Spears and the sum of $3,500 against Dr. Purifoy."

The court subsequently entered upon the records the following judgment: "It is therefore ordered and adjudged by the court that the plaintiff do have and recover of and from the defendants, B. N. Spears and L. L. Purifoy, the sum of $7,000; one-half, or $3,500, to be recovered from B. N. Spears, and one-half, or $3,500, to be recovered from L. L. Purifoy; together with all her costs herein laid out and expended, for which execution may issue."

An appeal has been duly prosecuted to this court from the verdict and judgment.

The three main contentions urged by appellants for a reversal of the judgment are: first, that the evidence does not warrant a verdict against either of the defendants; second, that Dr. L. L. Purifoy was an assistant surgeon in the operation, subject to the direction of Dr. B. N. Spears, the operating physician, and was not instructed by him to search the abdominal cavity for sponges; and third, that the wording of the verdict did not warrant the court in entering a judgment of $7,000 to be paid, one-half by each of the appellants, but should have been a judgment in the total sum of $3,500 against appellants jointly.

(1). The testimony, when given its strongest probative force in favor of the appellee, discloses the following facts: Appellee was operated upon March 5, 1921, at Warren-Brown Hospital in El Dorado, Arkansas, where she remained eleven days. She was then removed

to her home, and remained in bed about fifty days, under the care of Dr. Spears, during which time she cramped almost to death with pain in the lower part of the stomach. She suffered at intervals from that time until June 2, 1922, at which time she was again seized with severe pains in the lower part of her abdomen, for which she was treated by Dr. Morgan. She improved to some extent under his treatment and became able to do some housework and some work in the postoffice, as assistant, until October, 1922. At that time she again began to have cramping pains as usual. She called on Dr. Irby, and for ten days suffered as much as any one could and live with pains in the lower stomach. She recovered to some extent, and several days thereafter was seized with another spell. She remained in bed until December 22, 1922, when almost a quart of pus passed from her rectum, and on the next day two pieces of gauze passed in the same way. The first piece was about one and one-half inches long, and this passed before Dr. Irby arrived. Dr. Irby removed the other piece partly from the rectum and partly from a fistula in the wall of the rectum which opened into the abdominal cavity. The second piece of gauze was eighteen inches long and three or four inches wide. Another piece of gauze passed on December 29 in a little long roll. After the gauze passed there was no more pain or cramping, but appellee had not recovered at the time of the trial, still being unable to do housework.

The sufficiency of the evidence to sustain the verdict is challenged upon several grounds. It is said that the gauze eliminated through the rectum was different in grade and size of mesh from that used in the operation. The trial took place two and one-half years after the operation, and none of the witnesses remembered to have made a personal examination of the grade or size of the mesh used in the operation. It is true that there was some difference between the gauze which passed from appellee and that generally used in the hospital, but it may be that, on the occasion of this operation, the hos-

pital had run out of the kind it generally used and procured and used the kind which passed from appellee. From the circumstances in the case the jury might have so inferred. Again, it is argued that, if the gauze which passed from appellee had been left in her abdominal cavity at the time of the operation, it would have been stained with blood, whereas the gauze which did pass was not blood-soaked. The gauze passed out of an abscess which emitted a large quantity of pus, so it cannot be said, as a physical fact, that the blood stains would have remained upon the gauze during its passage through rotting, sloughing tissue from the abdomen into the rectum. Again, it is said that the gauze would have traveled the route of least resistance, which would have been through the wall of the vagina instead of through the wall of the rectum. As we interpret the testimony of the physicians, they all admit that the route of the passage of the gauze from the abdomen to the rectum was a possible way, but hardly a probable route. Before the verdict and judgment could be set aside upon this ground, the undisputed testimony would have to show that the route of elimination through the wall of the rectum was an impossible route. In giving the strongest probative force to the testimony of appellee, all reasonable possibilities must be taken into account. When that is done, the evidence is sufficient to support the verdict.

(2). We cannot agree with appellant's contention that, because Dr. Purifoy was assisting Dr. Spears and was not instructed by the latter to search the abdomen for sponges after the operation, he is exempt from liability if gauzes were found in the abdomen. The record reveals that Dr. Purifoy's part in the operation was to insert and withdraw the sponges. If, through carelessness or negligence, he failed to withdraw any of them, he cannot escape liability on the ground that he was an assistant. Such a rule would have the effect of acquitting one of civil liability growing out of his own negligence.

(3). This suit was against appellants jointly to recover damages against them as tort-feasors. There was only one operation and one damage. Both appellants ,participated in it, and, according to the verdict, both were liable.. Under. the testimony they were liable as joint tort-feasors, if at all, and the verdict must be construed as a finding of joint and not several liability. The only way this can be done is to construe the verdict as a joint finding against appellants for $3,500. The trial court should have so interpreted the verdict and rendered a joint judgment against appellants for $3,500. The error will not, however, work a reversal of the judgment. The judgment which the court below should have rendered upon the verdict will be rendered here.

The other contentions made by appellants for a reversal of the judgment related to the instructions which were given and refused by the court, and to the refusal of the court to admit certain testimony relative to a custom in the hospital and among physicians as to the conclusiveness of the count by the attending nurse of the number of sponges used in an operation.

It is insisted that the law applicable to the facts in the case was not correctly stated and declared by the court. The theory of appellants is that no liability rested upon them as physicians and surgeons, on account of sponges or gauze being left in the abdomen of appellee, because the duty of counting them before and after the operation was imposed upon the attending nurse who was in the employ of the hospital where the operation was performed. In other words, that it was a rule or custom of the hospital and among physicians for the attendant nurse to ascertain by count whether any sponges or gauzes had been left in the body of the patient, which count entirely relieved operating surgeons from such responsibility, and consequently from liability growing out of a failure to remove sponges and gauze from the openings or cavities in the body. The instructions given are assailed because they do not embody this idea, and the ruling of the court is questioned in his refusal to

give instructions requested by appellants which expressed this idea. We think the rule of law governing in cases of this kind is correctly stated in 21 R. C. L. p. 388, § 33. The rule there stated is as follows:

"Probably the most common instance of malpractice which is brought into the courts arises out of surgical cases where the physician or attendant has left a sponge in the wound after the incision has been closed. That this is plainly negligence there is no doubt at all, and it matters not at all that many physicians testify that the best of surgeons sometimes leave a sponge or some other foreign substance in the bodies of their patients, for this is testimony merely to the effect that almost everyone is at times negligent. Whether the particular act was negligent is for the jury to decide, after considering the circumstances of the case. Surgeons cannot relieve themselves from liability for injury to a patient caused by leaving a sponge in the wound, after an operation, by the adoption of a rule requiring the attending nurse to count the sponges used and removed, and relying on such count as conclusive that all sponges have been accounted for."

After a careful consideration of all the instructions, we think the law was correctly declared as applicable to the facts and circumstances in the case, and that no error was committed by the court in giving or refusing any one of them.

Under the rule of law announced above, no error was committed in excluding testimony offered by appellants tending to establish a rule or custom of the hospital or of physicians, making the count by attending nurse of sponges conclusive evidence that all of them used in the operation had been accounted for, and that none of them had been left in the wound or body of the patient.

The judgment is modified as indicated above, and, as modified, is affirmed.