REYNOLDS *v.* NUTT.

4-9208                                    230 S. W. 2d 949

Original opinion delivered May 22, 1950.

Substituted opinion delivered July 3, 1950.

Rehearing denied July 3, 1950.

*Phil Herget, Wm. F. Kirsch, Jr.,* and *Kirsch & Cathey,* for appellant.

*Fietz & McAdams* and *Lee Ward,* for appellee.

GEORGE ROSE SMITH, J. This suit grows out of a collision between a gravel truck owned by the appellee Martin and a truck and trailer owned by the appellants, a partnership doing business as Dr. Pepper Bottling Company. Loyce Nutt, who was driving Martin's truck, was killed in the collision, and this suit was brought by his widow against the Bottling Company. The latter brought Martin into the case, and the owners of the two vehicles asserted claims against each other for their property damage. Carl Wagner, who was riding with Nutt when the accident occurred, intervened to assert a claim against the Bottling Company for personal injuries. The jury returned verdicts for Mrs. Nutt for $15,000 and for Martin for $800. The Bottling Company appeals, and Wagner, having failed to receive a verdict, cross appeals.

Upon the direct appeal the Bottling Company's principal contention is that it was entitled to a directed verdict. The testimony as to the cause of the collision, which occurred at night, is in direct conflict. Wagner testified that he observed the Bottling Company's truck and trailer approaching at about fifty miles an hour. Nutt dimmed his headlights, but the driver of the other vehicle failed to dim his, which were of blinding intensity. According to Wagner the oncoming vehicle was weaving back and forth across the center of the highway, and just before the collision the Bottling Company's truck crossed the black center line and struck the gravel truck. Nutt had applied his brakes and brought his vehicle almost to a stop when the collision took place.

This testimony was sufficient to make a case for the jury. It is true that other witnesses testified positively that it was the gravel truck that was on the wrong side of the highway, but this dispute merely raised an

issue of credibility for the jury. Nor can we accept the appellants' insistence that the uncontroverted physical facts are so contrary to Wagner's testimony as to destroy its force. The appellants rely strongly on several photographs taken soon after the accident, all indicating that the gravel truck was then slightly across the center line, whereas the appellants' truck came to rest in the ditch on its own side of the highway. We have pointed out, however, that unlooked for results often attend a collision as violent as this one must have been. *Alldread* v. *Mills,* 211 Ark. 99, 199 S. W. 2d 571. The appellants' deductions from the photographs and from the condition of the damaged vehicles are very persuasive, but they do not reconstruct the train of events so indisputably that reasonable men could not have accepted Wagner's version.

It is also contended by the Bottling Company that there was a fatal defect of parties plaintiff. Our statute provides that actions for wrongful death shall be brought by the decedent's personal representative, but if there be none the suit may be brought by the widow and heirs. Ark. Stats. 1947, § 27-904; *St. L., I. M. & S. Ry. Co.* v. *Watson,* 97 Ark. 560, 134 S. W. 949. In this case there was neither allegation nor proof as to whether a personal representative had been appointed for Nutt's estate. The complaint was filed in the widow's name alone and alleged that Nutt was survived by the plaintiff and by a two-year-old son. It was further averred that "this plaintiff and her infant son" had been damaged in various sums for loss of support, companionship, etc. It was clearly the pleader's intention to assert both causes of action, and by its terms the jury's verdict compensates both the widow and the child.

The objection now urged, that the child was not a plaintiff, comes too late. Mrs. Nutt, as her child's next friend and natural guardian, was entitled to act for him, even though the strict rules of pleading required the child to be named in the style of the complaint. The Bottling Company could have raised its present point by demurrer, plea in abatement, or answer, but instead it

pleaded to the merits. The case was tried and submitted to the jury upon the tacit assumption that the child would be bound by a favorable or adverse verdict. Had the objection been made at any time during the trial it would have been a simple matter for Mrs. Nutt's attorney to interline the infant's name in the complaint, especially as the mother had the power to act for her son. Not even in its motion for new trial did the Bottling Company complain that the child, though tacitly recognized as a party, was not named in the style of the pleadings. In these circumstances the point was waived. Of course even now the Company has the right to demand that a guardian be appointed to receive the amount awarded by the jury for the child's benefit.

It is also insisted that abstract instructions were given and that incompetent evidence was admitted. As to the former, inferences could have been drawn from the testimony to support the giving of the instructions, and in any event we do not see how the jury could have been misled or confused. *Equity Mutual Ins. Co.* v. *Merrill*, 215 Ark. 483, 221 S. W. 2d 2.

As to the evidence, the main complaint is directed against the appellees' Exhibit C—a photograph, taken in daylight, that shows the highway in question for a considerable distance. This picture was offered in evidence while Wagner was on the witness stand. A little earlier in the trial there had been received in evidence another photograph, designated Exhibit B, which showed the position of the gravel truck immediately after the collision. When Exhibit C was offered the appellants objected on the ground that the witness had not compared the two pictures, the theory being that without such a comparison Exhibit C had not been shown to depict the conditions that existed immediately after the accident. Of course the picture would not be admissible unless it correctly represented the scene of the collision. *LaGrand* v. *Ark. Oak Flooring Co.*, 155 Ark. 585, 245 S. W. 38. Upon the appellants' objection the court at first excluded the picture.

Wagner was then asked to compare certain stains of oil and blood that appeared in both pictures, and he identified the same stains as appearing in both exhibits, explaining them to the jury. He also testified that except for the fact that the trucks had been removed Exhibit C was the same picture as Exhibit B, which had been admitted at the appellants' request. This testimony fully met the appellants' objection, and the trial court correctly admitted Exhibit C.

In the daylight picture there appear certain tire marks on Nutt's side of the highway, extending for a much greater distance than could have been shown on Exhibit B, which had been taken at close range. Wagner was asked to state which vehicle made these marks, and after a general objection by the appellants the witness answered that Martin's truck had made them. It is now argued that Wagner should not have been permitted to answer the question, "for Wagner himself did not contend that he ever examined the tire marks at the scene of the accident." Apart from the fact that this basis for objection was not brought to the trial court's attention while Wagner was available for further interrogation, the appellants are in error in contending that Wagner had not examined the scene. Wagner had already testified that immediately after taking Nutt to the hospital he had gone back and examined the scene of the collision.

Also bearing upon the admissibility of Exhibit C is the testimony of Martin, who owned the gravel truck. Martin stated that he went to the scene soon after the collision and examined the tire marks. He described the marks on Nutt's side of the center line as grip marks rather than skid marks, being the marks made when the brakes are applied. Martin examined these grip marks with a light and found that the tread corresponded exactly with those on his truck, which had almost new tires with a clearly discernible tread. He described these marks, which he pointed out on Exhibit C, as being perfectly straight and as not crossing the center line at any point in that vicinity. In view of this testimony and

that given by Wagner we cannot agree with the appellants' insistence that Exhibit C was inadmissible.

Upon Wagner's cross appeal the only complaint is that the jury failed to return a verdict either way upon his claim. What happened was that among the forms of verdict handed to the jury were three separate forms for a finding in favor of Mrs. Nutt, Martin, and Wagner, but there was no form enabling the jury to find in favor of the first two and against Wagner, whose injuries required first aid only. There was also a single form for an inclusive finding against all three. The jurors solved their problem by completing and signing the forms for Mrs. Nutt and for Martin and by returning the others incomplete and unsigned. For two reasons we think the trial court was right in refusing a new trial. First, the jury evidently intended to find for the Bottling Company in Wagner's case but had not been given an appropriate form to use. It is the court's duty to carry out the jury's intention when the meaning of the verdict can be fairly interpreted. *Sledge & Norfleet Co.* v. *Mann,* 166 Ark. 358, 266 S. W. 264. Second, as stated in the case just cited, an objection that goes merely to the form of the verdict must be made before the jury has been discharged. If Wagner thought that the jury meant to find in his favor but somehow overlooked both the signing of the verdict and the insertion of the amount of his damages, it was his duty to demand a clarification while the jurors were still present and in a position to explain their intention. We cannot permit him to let the jury separate without complaint on his part and then insist that a highly doubtful speculation should be resolved in his favor.

Affirmed on direct and cross appeal.