RAWLS *v.* TANSIL.

255 S. W. 2d 973

Opinion delivered March 2, 1953.

Rehearing denied April 6, 1953.

*Peter A. Deisch* and *John C. Sheffield,* for appellant.

*David Solomon, Jr.,* and *D. S. Heslep,* for appellee.

ED. F. McFADDIN, Justice. Appellee, Mrs. Tansil, recovered judgment for personal injuries which she sustained when she fell into a hole in the floor. The judg-

ment was for $2,500.00: and being apportioned $2,250.00 against Rawls and $250.00 against Mrs. McDaniel. This appeal is by Rawls alone, and it is claimed that the matters herein discussed necessitate a reversal.

1. *Sufficiency of the Evidence.* Appellants, a partnership hereinafter called "Rawls," are plumbing contractors. In November, 1951, they were engaged in installing a floor furnace in the living room of a boarding house operated by Mrs. Katie McDaniel in Helena. When the noon hour arrived, Rawls' workmen had cut the hole in the floor but had not completed the installation. Instead of covering the hole with boards or other substantial covering, the workmen merely placed a chair over the hole. There was evidence that when Mrs. Tansil fell into the hole, the chair had been moved so that an unguarded hole was covered by a newspaper; and Mrs. Tansil testified that it was not unusual for a newspaper to be on the floor. The facts (a) that Mrs. Tansil was a regular table boarder at Mrs. McDaniel's; and (b) that Mrs. Tansil fell in the hole and received injuries, were admitted. We hold that a question was made for the Jury as to Rawls' negligence. Likewise any question of Mrs. Tansil's contributory negligence was a question for the Jury.

II. *Excessiveness of the Verdict.* The Jury awarded Mrs. Tansil $2,500.00; and it is claimed that the amount is excessive. Mrs. Tansil, a lady of 68 years, earned her livelihood by serving as attendant for a family in Helena. On November 19, 1951, she sustained the injuries here involved. She testified as to her injuries:

"This leg was hurt and this hand was skinned and my side was bruised up and I stayed taped up about three weeks. It felt like broken ribs, it probably pulled the muscles. As a result of this the leg is dead, when I sit very long I can't get right up, if I do I will fall."

Dr. Connerly, who treated Mrs. Tansil and whose professional qualifications were admitted, testified that Mrs. Tansil came to him immediately after sustaining her injuries; that he treated her for a period of three

or four months; that he strapped her chest and treated the injury on her shin; that it was necessary to drain the fluid from the shin injury; and that the shin injury is permanent. Dr. Connerly also testified that the trauma suffered by Mrs. Tansil aggravated a dormant arthritis condition, and that the suffering of pain will continue permanently. In addition to pain and permanent injury, Mrs. Tansil has been obliged to pay drug bills and doctor bills. In view of all the foregoing, we conclude that the verdict is not excessive.

III. *Apportionment of Damages.* The Court instructed the Jury that if damages were awarded Mrs. Tansil, then the Jury would determine the apportionment, if any, as between Mrs. McDaniel and Rawls. The Jury apportioned $250.00 against Mrs. McDaniel and $2,250.00 against Rawls. The latter complains: saying that the workmen covered the hole with a chair, and that Mrs. McDaniel placed the paper over the hole. Even so, it was for the Jury to decide whether the primary and greater fault was the failure of the appellants' workmen to place boards over the hole. As between the tort feasors, the apportionment was for the Jury to decide; and under the facts in this case, we cannot say that the apportionment was wrong.

IV. *Plaintiff's Instruction No. 6.* This was an Instruction explaining to the Jury the nature of the case and the theories of the parties. Regarding this Instruction, appellants' only argument in the brief is contained in the following sentence: ''Considering all the other instructions, we think this instruction abstract and misleading.'' Since all the other Instructions are not contained in the appellants' abstract,[1] and are not supplied by appellee, we would be obliged to explore the transcript to find out what they were. The Instruction here questioned was not inherently erroneous, and was not abstract or misleading.

Affirmed.

---

[1] On page 146 of C. R. Stevenson's Volume on Supreme Court Procedure, revised in 1948, many cases are cited to sustain the following text: "All instructions must be set out in the abstract and when not set out, errors will not be considered unless the instructions are so inherently defective that they could not be cured by others . . ."