WHEATON VAN LINES, INC. *v.* WILLIAMS

5-3784                                                   399 S. W. 2d 258

Opinion delivered February 14, 1966

*House, Holmes & Jewell,* for appellant.

*Joe P. Melton, Smith, Williams, Friday & Bowen,*
By: *Robert V. Light,* for appellee.

OSRO COBB, Justice. Appellees were injured in a highway accident occurring in the nighttime on Highway 79 in Lee County. They were driving East and stopped their vehicle in time to avoid a collision with a disabled van truck which they encountered resting in such a position as to block traffic in both directions. The van driver, Edmond James Gier, testified, by use of his deposition at the trial, that at the time of the accident he had on his truck a supply of warning flares and pots with kerosene wicks, all in good working order, and that he was under standing instructions by his employer to set up such flares and pots in case of disability of his vehicle while on a public highway at night, but that he had not done so within the time interval of 10 or more minutes between the stopping of the van and the accident involving appellees.

Another vehicle, driven by defendant James Mayfield, was proceeding immediately behind appellees and crashed into appellees' car when it stopped to avoid a collision with the disabled van.

Suit alleging negligence proximately causing the injuries to appellees was instituted against Wheaton Van Lines, Inc., their driver and employee, Gier, and James Mayfield, driver of the third vehicle.

At the conclusion of appellees' case, appellants, Wheaton Van Lines, Inc. and Gier, moved for a directed verdict in their favor, which was denied.

Defendant, Mayfield, apparently execution proof for lack of financial means, did not bother to appear at the trial nor has he taken an appeal from the judgment rendered against him.

The case, on its face, started out as a routine action against joint tort-feasors for damages. However, as it

progressed, and in the absence and default of defendant Mayfield, the case became more an action against the Van Company and driver in their relationship as master and servant. Indeed, it will be observed in our discussion of contentions of appellants in regard to instructions given by the court, that no instructions were requested by either side or given by the court as to the liability of joint tort-feasors or as to apportionment of the damages assessed as between such joint tort-feasors. Furthermore, the four forms of the verdicts furnished to the jury gave the jury no opportunity to find against all three defendants jointly in any form. We quote the verdicts returned by the jury eliminating the names of the jurors.

"We the jury find for the Plaintiff Juanell Williams against Wheaton Van Lines, Inc., and Gier, and assess her damages at $15,000.00."

(Signed by ten jurors)

"We the jury find for the Plaintiff Bobby Williams against Wheaton Van Lines, Inc., and Gier, and fix his damages in the sum of $7,500.00."

(Signed by ten jurors)

"We the jury find for the Plaintiffs, Bobby Williams and Juanell Williams, against James Mayfield in the sum of $7,500.00."

(Signed by ten jurors)

The fourth verdict form supplied to the jury was a finding for defendants Wheaton Van Lines, Inc., and Gier, and was not used by the jury.

There is nothing in the record to indicate that when the verdicts were returned by the jury that either party to this appeal attacked same as unclear as to the intent of the jury or defective in any other respect.

The case was tried on February 19, 1965, verdicts being rendered on the same day. On March 4, 1965, some

13 days after the verdicts had been rendered, appellants filed two motions, one for judgment notwithstanding the verdict in favor of both defendants, Wheaton Van Lines, Inc. and Gier, and a motion to reduce the judgments against defendants, Wheaton Van Lines, Inc. and Gier, to the sum of $7,500.00, same being the amount of the verdict and judgment against James Mayfield. On March 5, 1965, the court overruled said motions and entered judgment in accordance with the verdicts rendered by the jury.

Appellants urge three points for relief on appeal. Appellees urge one point on cross-appeal. We first discuss the points raised by appellants.

*Point* 1. THE COURT ERRED IN REFUSING TO DIRECT A VERDICT FOR APPELLANTS AT THE CLOSE OF THE APPELLEES'. CASE.

Gier, an employee of Wheaton Van Lines, Inc., while driving one of the company vans on a mission for his employer, experienced operational difficulty resulting in the large van stopping in such a position as to block the flow of traffic in both directions. This occurred at night. Ark. Stat. Ann. § 75-722 (b) (Repl. 1957) deals with the obligation and duty of such truck drivers in such situations.

"75-722. Trucks to carry flares or emergency lighting equipment—Placement of flares. — . . .

"(b) Whenever any motor truck and its lighting equipment are disabled during the period when lighted lamps must be displayed on vehicles and such motor truck cannot immediately be removed from the main traveled portion of a highway outside of a business or residence district, the driver or other person in charge of such vehicle shall cause such flares, lanterns, or other signals to be lighted and placed upon the highway, one at a distance of approximately 100 feet in advance of such

vehicle, one at a distance of approximately 100 feet to the rear of the vehicle and the third upon the roadway side of the vehicle, except that if the vehicle is transporting flammables three [3] red reflectors may be so placed in lieu of such other signals and no open burning flare shall be placed adjacent to any such last mentioned vehicle.''

Gier admitted, in portions of his pre-trial deposition read into evidence on behalf of appellees, that he had an adequate supply of lights, flares and oil pots, all in good working order, readily available on his truck but that he made no use of them during the 10 or more minute interval from the time he stopped, blocking the traffic, until the accident.

The jury alone could decide the fact question presented by the evidence as to whether the actions or inactions of Gier constitute negligence proximately causing appellees' injuries. *Hill* v. *Wilson,* 216 Ark. 179, 224 S. W. 2d 797; *Bryant* v. *Thomas,* 230 Ark. 999, 328 S. W. 2d 83. Furthermore, the negligence, if any, by the employee, Gier, was imputable to his employer. *Gray* v. *McLaughlin,* 207 Ark. 191, 179 S. W. 2d 686.

We find no merit in Point 1 urged by appellants.

*Point* 2. THE COURT ERRED IN GIVING APPELLEES' R E Q U E S T E D INSTRUCTIONS NOS. 6, 7 AND 8.

We quote from page 87 of appellants' brief.

''Appellees' Requested Instructions Nos. 6 and 7 are based, respectively, upon Ark. Stats. §§ 75-707 and 75-722. Appellants objected to the giving of these instructions on the specific grounds that there is no evidence that these statutes were violated or that any purported violation thereof was the proximate cause of the collision (T. 108-109).''

It will be noted that the objection here is limited to lack of evidence. We disposed of the question of insufficiency of evidence to make a jury case as to all defendants in our discussion of Point 1. We, therefore, conclude that appellees' Instructions 6 and 7 were proper in all respects.

Now as to appellees' Instruction 8. It is noted that the original transcript was erroneous, containing language which was obviously incorrect and incomplete. This situation resulted from an error of the Court Reporter in typing the transcript, and a supplemental and corrective copy of the record was filed which reflects that the language purported to be contained in appellees' Instruction No. 8 and which is here objected to by appellants, was not in fact included in Instruction No. 8 as it was actually given. We therefore find no merit in any of appellants' contentions as to Point 2.

*Point* 3. THE COURT ERRED IN REFUSING TO GRANT APPELLANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR, ALTERNATIVELY, TO CORRECT THE VERDICT.

Appellants contended that since the verdict against Mayfield was for $7,500 that the verdicts against appellants should be reduced to that sum. In support of this contention they cite *Wear-U-Well Shoe Co.* v. *Armstrong,* 176 Ark. 592, 3 S. W. 2d 698; *Southwestern Gas & Electric Co.* v. *Godfrey,* 178 Ark. 103, 10 S. W. 2d 894; *Spears & Purifoy* v. *McKinnon,* 168 Ark. 357, 270 S. W. 524.

It will be noted that the most recent case cited by appellants is that of *Southwestern Gas & Electric Co.* v. *Godfrey, supra,* decided in 1928, many years before the passage of Act 315 of 1941 as amended by Act 35 of 1949. See Ark. Stat. Ann. §§ 34-1001 through 34-1005 (Repl. 1962). Briefly stated, these acts provide that: (1) a recovery of judgment by an injured person

against one joint tort-feasor does not discharge any other joint tort-feasor; (2) a release by the injured party executed to a joint tort-feasor, whether before or after judgment does not discharge the other tort-feasors from liability unless the release specifically so provides.

We quote from said acts appearing as § 34-1002(4) Ark. Stat. Ann. (Repl. 1962), which authorizes the jury to apportion the damages against joint tort-feasors in relation to degrees of fault of the said joint tort-feasors and this statute also protects the joint tort-feasor who is forced to pay more than his apportioned assessment of damages by giving him a right to judgment relief against other joint tort-feasors for such excess.

"(4) When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their pro rata shares solely for the purpose of determining their rights of contribution among themselves, each remaining severally liable to the injured person for the whole injury as at common law."

Our attention has not been invited to any case decided by the Court since the passage of Act 315 of 1941 and amendment by Act 35 of 1949, wherein we disturbed apportioned judgments for damages against joint tort-feasors. Indeed, there are many cases where such apportionment has been approved by this court. *Ward* v. *Walker*, 206 Ark. 988, 178 S. W. 2d 62 ($600 against one defendant and $900 against the other); *McKennon* v. *Jones*, 219 Ark. 671, 244 S. W. 2d 138 ($250 against one defendant and $1,250 against the other); *Rawls* v. *Tansil*, 221 Ark. 699, 255 S. W. 2d 973 ($250 against one defendant and $2,250 against the other).

In *Shultz* v. *Young*, 205 Ark. 533, 169 S. W. 2d 648, we quoted with approval from the notes of the National

Conference of Commissioners on Uniform State Laws in regard to their expressed opinion as to the meaning of the measure which became Act 315 of 1941 as amended by Act 35 of 1949. Said the Commissioners:

"Under the English tort contribution act the court always makes the apportionment; but the draftsmen feel that in the United States this had best be left to a jury within the ordinary power of a court to keep the issue of negligence from a jury when the evidence indicates that submission thereto would not be warranted."

Furthermore, in the *Shultz* case, *supra,* verdicts of $2,000 as to one joint tort-feasor and $500 of other joint tort-feasor were not disturbed.

There is another reason why the verdicts rendered by the jury in this case should not be modified on this appeal. It was 13 days after the verdicts had been rendered and the jury discharged before the form of the verdicts or the amounts of the verdicts were challenged in any way by counsel. The objections, if any, should have been properly made at the time the verdicts were rendered and before the discharge of the jury. *Sledge & Norfleet Co.* v. *Mann,* 166 Ark. 358, 361, 266 S. W. 264; *Reynolds* v. *Nutt,* 217 Ark. 543, 230 S. W. 2d 949; *Johnson* v. *Barbour,* 28 Ark. 188.

In affirming this judgment we do not imply that it is proper for the Court to permit the jury to apportion *liability* among the defendants, so that the plaintiff can not recover the full amount of his claim from any one of the tort-feasors. See *Dunaway* v. *Troutt,* 232 Ark. 615, 339 S. W. 2d 613. But here there was no objection to forms of verdict which in form and substance permitted the jury to make such an apportionment of liability. The point was therefore waived.

We conclude that the contentions of appellants as to Point 3 are without merit. By the same reasoning,

we conclude that appellees' contentions on cross-appeal for judgment against Mayfield for $30,000 is likewise without merit.

Affirmed on appeal and affirmed on cross-appeal.