Lloyd MITCHELL et al *v.* A. H. BEARD and
Hattie B. BEARD, Husband & Wife

74-25                                    513 S.W. 2d 905

Opinion delivered July 8, 1974
[Supplemental Opinion on Denial of Rehearing
October 14, 1974, p. 929A.]

*J. L. Hendren* and *Jeff Duty,* for appellants.

*Adams & Wilson,* by: *Douglas L. Wilson,* for appellees.

CONLEY BYRD, Justice. Appellees Mr. & Mrs. A. H. Beard brought this action jointly and severally against appellants Lloyd Mitchell and J. T. Williams to recover un-

der the Arkansas Securities Law, the value of two bonds given in a real estate transaction and against appellant J. T. Williams individually upon a common law count of fraud. The trial court, based upon the jury's answer to interrogatories, entered a judgment jointly and severally against both appellants for the face amount of the bonds together with an attorney's fee and in addition rendered a judgment against appellant Williams for punitive damages. For reversal both Mitchell and Williams raise the several issues hereinafter discussed.

There is evidence in the record from which the jury could have found that Williams held himself out to be a retired minister, a director of a bank and a real estate broker. There is also evidence that Williams and Mitchell entered into a partnership to purchase some land from the appellees while Williams was erroneously holding himself out as a broker representing appellees' interest. In making the purchase the transaction was handled in Mitchell's name only but Williams gave all of the consideration. The sale of the land was for a recited consideration of $24,000 consisting of $10,000 in cash, a note in the amount of $4,000 and two $5,000 bonds issued by Digital Control Systems, Inc. to Rio Grande Holding Company, Inc. Appellant Mitchell and his wife as the designated purchasers agreed to indemnify the Beards for the face amount of the bonds in the event they were dishonored at the date of their maturity in 1976. Thereafter Williams, who had originally agreed to purchase the bonds within a short time after closing date, induced the Beards to execute a contractual release to the Mitchells and substituted instead a written indemnity signed by Williams and his wife for the face amount of the bonds in the event of a dishonor at maturity. During all of the discussions prior to the contractual arrangements and before the institution of this litigation Williams was leading the Beards to believe that he was shortly going to pick up the bonds notwithstanding the written agreements. The proof at the trial showed that one D. L. Hopkins' signature appeared on the bonds. In view of the testimony of Williams and Mitchell one could gather that they were not entirely strangers to D. L. Hopkins. Proof on behalf of the Beards showed that both the charters of Digital Control and Rio Grande Holding had been revoked in their respective states of Texas and Kansas and that the State

Securities Commissioner of the State of Missouri had issued cease and desist orders oh the transfer of the bonds here involved. Other proof showed that before the transaction occurred, Williams had tried to transfer the identical bonds to one Ernest Varner and had been informed that the bonds were no good. Mitchell had suggested to Varner that the bonds could be collected through the underworld for fifty cents on the dollar. Coy Kaylor, Jr., a recognized securities salesman testified that the bonds had no value.

Mitchell first argues that the release executed by the Beards when Williams ostensibly took over the transaction also relieved him of his statutory liability under the Arkansas Securities Law. Like the trial court, we find no merit in this contention due to the fact that the instrument executed only released Mitchell from his contractual liability. Furthermore, the record shows that the Beards were not aware of the misrepresentations concerning the bonds at that time.

Mitchell contends the trial court erred in instructing the jury with respect to the liability of a partner under Ark. Stat. Ann. § 67-1256(b) (Repl. 1966). This contention is based upon the erroneous premise that a partner must materially aid in the sale before he becomes liable. While the statute does make that a prerequisite to a recovery against an employee, broker or agent, we do not construe that requirement as being applicable to a partner.

Although the record shows that the trial court properly instructed the jury with respect to the liability of a partner under the Arkansas Securities Act, Mitchell contends that the trial court erred in construing the jury's answers to the interrogatories and that the trial court should have declared a mistrial because the jury's answers to the interrogatories were unclear. We do not find any objection to the interrogatories as submitted to the jury and before the jury was discharged. Under those circumstances Mitchell's objections here are raised too late. See *Wheaton Van Lines Inc.* v. *Williams,* 240 Ark. 280, 399 S.W. 2d 258 (1966), and Ark. Stat. Ann. § 27-1762 (Repl. 1962).

We find no merit in Williams' contention that the Arkansas Securities Act, Ark. Stat. Ann. § 67-1256 (Repl.

1962), does not apply. There is ample proof that the bonds have no value and that Williams had knowledge of such fact when he was representing them to the Beards as being "as good as gold." He admittedly held himself out as wanting to purchase the bonds. Furthermore, he represented and testified that Mitchell furnished the bonds that were transferred to the Beards while the proof is overwhelming that Williams furnished the bonds.

Williams contends that punitive damages cannot be recovered where the Securities Act applies. The record shows that he did not raise that issue before nor during the trial. Sometime before the judgment was entered he filed a motion with the clerk raising that issue but there is no showing that the motion was brought to the attention of the trial court or a ruling obtained thereon. Under such circumstances, we treat the issue as having been raised for the first time on appeal and do not consider it. See *Flake* v. *Thompson, Inc.*, 249 Ark. 713, 460 S.W. 2d 789 (1970).

Williams contends that his subsequent scheme whereby he and his wife ostensibly took over Mitchell's indemnity on the bonds now precludes the Beards from recovering on his fraud. He cites no authority whereby one can so conveniently relieve himself from liability for fraud and we know of none. Consequently, the contention has no merit.

After suit was instituted Beard refused Williams' offer to pay the face amount of the bonds less the $400 due Williams by the Beards on a note that Williams had signed as surety. Williams now contends that because of that tender he was entitled to a directed verdict. We find no merit in this contention because the tender was not sufficient to cover Williams' liability for interest, attorney's fees, etc. to the Beards.

The Beards here request an additional attorney's fee for the service of their counsel on this appeal which we grant in the amount of $1,000.00.

Affirmed with an allowance of additional attorney's fee to appellees in the amount of $1,000.00.

## Supplemental Opinion on Denial of Rehearing
## delivered October 14, 1974

Securities regulation—prohibited transactions & fraud —
recovery of punitive damages.—Punitive damages are
recoverable when an action is brought and sustained both under
the Securities Act and common law fraud.

Petition denied.

Conley Byrd, Justice. On rehearing Williams correctly
points out that the trial court's docket sheet does show that
his motion for judgment notwithstanding the verdict was
overruled by the trial court. However, we still find no merit in
his contention that punitive damages cannot be recovered
where the Securities Act applies. The Securities Act, Ark.
Stat. Ann. § 67-1256(h), provides that "the rights and
remedies provided by this act are in addition to any other
rights or remedies that may exist at law or in equity . . . ."
The authorities generally recognize that where an action is
brought and sustained both under the Securities Act and
common law fraud, punitive damages are recoverable. See
*Coffee* v. *Permian Corporation*, 474 F. 2d 1040 (5th Cir. 1973)
and *Young* v. *Taylor*, 466 F. 2d 1329 (10th Cir. 1972). The
proof here was amply sufficient to sustain the common law
allegation of fraud.

Petition for rehearing denied.